Pearson, C. J.
 

 Upon failure of the widow, or next of kin, to make application, the statute requires administration to be granted
 
 “
 
 to the highest creditor residing within the State,
 
 proving his debt upon oaih
 
 before the court granting the same.”
 

 The requirement, that the debt ■shall be proved by the oath of the creditor, confines the right to have administration, to creditors, between whom and the intestate,, there existed a personal privity of contract, for, in the absence of this privity, the creditor cannot, by
 
 •his
 
 oath, prove the debt; for instance, ■one who claims as assignee, cannot thus prove the debt; he may, by his oath, prove the assignment, but he cannot swear to the debt; for that originated in a transaction between the assignor and the intestate, in regard to which he had no privity, and must make proof
 
 dliimde.
 

 The policy of the statute, obviously, is, to require a credit- or, applying for administration, to swear
 
 of his own Tcnoioledge,
 
 that the debt is just and true. This is not satisfied by an oath of the alleged creditor, that
 
 he believes
 
 the debt to be just and true, and an offer to prove it by witnesses. The only mode of proof provided by the statute is the oath of the party. It was adopted, not merely for the sake of convenience, but because it is reasonable that the right of administration should be thus confined to creditors who are cognizant of the existence of their debts, as, after administration granted, the right of retainer attaches without further proof. In England,
 
 *73
 
 the form of the oath is, “ the deceased was
 
 at the time of his death
 
 justly indebted to the applicant;” 4 Chitty Gen. Prac. 147, (note). The wisdom of this provision of the statute, according to the construction we put on it, is strikingly illustrated by the facts, disclosed in the case now under consideration. The applicant, Pearce, after the death of the intestate, purchased sundry notes and accounts, alleged to be due by the intestate, for the purpose of thereby acquiring the right to administer. Whether those-notes and accounts are just debts or not, he does not know. But it is certain he was under a strong temptation, for the purpose of accomplishing his object, to admit., without investigation, every claim that was offered to him for sale, and the larger its amount, the better it suited his purpose; thus opening wide the door for admitting false claims, to which, unfortunately, the estates of dead men are too much exposed, even without any undue collateral influence.
 

 We concur with his Honor, that Castrix, the other applicant, having proved his debts by his own oath, according to the requirement of the statute, was entitled to the administration. There is no error.
 

 Per Curiam,
 

 Judgment affirmed.