[No. 8807. Department Two. July 16, 1910.]

*In the Matter of the Estate of* FRED Hoss, *Deceased.*
GOTTLIEB MAHLER *et al., Appellants,* v. F. B. GOETTER,
*Respondent.*[1]

EXECUTORS AND ADMINISTRATORS—RIGHT TO LETTERS — CREDITORS.
Assignments of claims after the death of the decedent, do not entitle
the assignee to letters of administration as a "creditor" of the
decedent.

EXECUTORS AND ADMINISTRATORS—RIGHT TO LETTERS—RELATIVES—
STATUTES — CONSTRUCTION — PROVISOS.　Under Rem. & Bal. Code,
§ 1389, specifying the next of kin entitled to letters of administration
upon the estate of a deceased person and fixing the order of their
right, followed by "principal creditors", with the proviso that if the
persons entitled fail to apply within forty days, or if there be no rela-
tives or next of kin, or creditors, the court may appoint any suitable
person, the general words in the proviso, "no relatives or next of
kin," must be construed to mean no relatives or next of kin specified
in the enacting clause as entitled to letters, and other relatives have
no prior right and cannot object to the appointment of any suitable
person.

Appeal from an order of the superior court for Stevens
county, Carey, J., entered January 6, 1910, granting letters
of administration upon the estate of a deceased person upon
hearing contested applications therefor. Affirmed.

*Birdseye & Smith,* for appellants.

*Jackson & Bailey* and *Jesseph & Grinstead,* for respond-
ent.

RUDKIN, C. J.—Fred Hoss died intestate in Stevens county,
in this state, on the 15th day of October, 1909, leaving an
estate therein subject to administration. The heirs at law
and next of kin of the decedent are two brothers and two
sisters who are nonresident aliens, and therefore not qualified
to take out letters of administration on his estate. One F. B.
Goetter, claiming to be a creditor of the decedent, petitioned

[1]Reported in 109 Pac. 1071.

for letters of administration, and a cross-petition was filed by Gottlieb Mahler and Louisa Wormald, an uncle and a cousin of the decedent. The court below found that the petitioner Goetter was a principal creditor of the decedent, and that the petitioners Mahler and Wormald were not within the degrees of kinship entitling them to any priority in the grant of administration on the estate. Upon these findings an order was entered appointing the petitioner Goetter as administrator, and from this order the other petitioners have appealed.

If the claim of the respondent rested upon his status as a creditor, the order appealed from should not be sustained. His claim rests entirely upon assignments taken by him since the death of the intestate, and whatever equities might exist in favor of an assignee in other cases, we are convinced that a person who buys claims against an estate for the purpose of qualifying himself as an administrator acquires no rights by his purchase. Such a proceeding savors too much of the purchase of the right to administer an estate and is against the policy of the law. Schouler, Executors, § 115; 11 Am. & Eng. Ency. Law (2d ed.), 774; 18 Cyc. 90; *Pearce v. Castrix*, 53 N. C. 71.

In support of the opposite rule, counsel cite *In re Sullivan's Estate*, 25 Wash. 430, 65 Pac. 793, but the right of an assignee of a claim to administer upon an estate was neither involved nor considered in that case. However, if the appellants have no rights under the statute, they are in no position to complain, and that question we will now consider. The probate act of 1873 granted the right of administration in the following words:

"Administration of the estate of a person dying intestate, shall be granted to some one or more of the persons hereinafter mentioned, and they shall be respectively entitled in the following order:

"(1) The surviving husband, or wife, or such person as he or she may request to have appointed.

"(2) The next of kin in the following order: (1) Child or

children; (2) father or mother; (3) brothers or sisters; (4) grandchildren.

"(3)    To one or more of the principal creditors: *Provided*, that if the persons so entitled or interested shall neglect for more than forty days after the death of the intestate to present a petition for letters of administration, the probate court or judge may appoint any suitable and competent person to administer such estate." Laws of 1873, p. 269, § 90.

Subdivision 3 of this section was amended in 1881 to read as follows:

"To one or more of the principal creditors: *Provided*, that if the persons so entitled or interested shall neglect, for more than 40 days after the death of the intestate, to present a petition for letters of administration, or if there be no relatives or next of kin, or if the heirs or one or more of the principal creditors in writing waive their right to administer, or if there be no principal creditor or creditors, then the probate court or judge may appoint any suitable and competent person to administer such estate." Laws of 1881, p. 6, § 1. And thus the statute reads today. Rem. & Bal. Code, § 1389.

Under the act of 1873 the right to administer upon an estate was not granted to the next of kin generally, but only to those especially enumerated, and if they have such a right now it must be derived from the 1881 amendment to the proviso. It will be conceded that the language of the proviso is much broader than the enacting clause, for it provides "that if there be no relatives or next of kin, . . . the probate court or judge may appoint any suitable and competent person to administer such estate." From this language it is plausibly argued that the right to appoint any suitable and competent person only exists where there are no relatives or next of kin. But in the construction of this statute two cardinal rules must be kept in mind. First,

"The office of the proviso generally is either to except something from the enacting clause, or to qualify or restrain its generality, or to exclude some possible ground of misinterpretation of it, as extending to cases not intended by the legislature to be brought within its purview; its office is not

to confer a power, or as a general rule to enlarge the en-actment to which it is appended so as to operate as a substantive enactment itself;" 26 Am. & Eng. Ency. Law (2d ed.) 678.

And second, where particular words in a statute are followed by general words, the general words will be limited to the same class as the particular. *Townsend Gas & Elec. Light Co. v. Hill*, 24 Wash. 469, 64 Pac. 778.

The general words in this proviso; viz., *no relatives or next of kin*, must therefore be construed to mean no relatives or next of kin such as are defined or specified in the enacting clause. The amendment of 1881 was not intended to enlarge or extend the rights of the next of kin, but rather to enlarge the power of the court to appoint other suitable and competent persons. From a full consideration of the case we are, therefore, satisfied that the appellants have no prior right to administer upon the estate in question, and the judgment of the court below is accordingly affirmed.

MOUNT, CROW, DUNBAR, and CHADWICK, JJ., concur.