## CROCKETT v. BOARD OF EDUCATION OF CARBON COUNTY SCHOOL DIST. et al.

No. 3647.    Decided June 14, 1921.    (199 Pac. 158.)

1. SCHOOLS AND SCHOOL DISTRICTS—PUBLICATION OF GENERAL STATEMENT OF RECEIPTS AND DISBURSEMENTS DOES NOT SUBSTANTIALLY COMPLY WITH STATUTE. Comp. Laws 1917, § 4614, requiring the publication of a statement by the school board showing in de-

tail various designated facts, is not substantially complied with by the publication of a statement which contained nothing more than general summaries of receipts and disbursements for the year under various headings.

2.  STATUTES—CONSTRUED WITH REFERENCE TO OBJECTS TO BE ACCOMPLISHED.  A statute must be construed with reference to the objects sought to be accomplished by it.

3.  SCHOOLS AND SCHOOL DISTRICTS—STATUTE REQUIRING PUBLICATION OF REPORT OF SCHOOL BOARD IS MANDATORY.  Comp. Laws 1917, § 4614, requiring school boards to publish statements containing certain information therein prescribed, is mandatory in its requirements.

4.  MANDAMUS—LIES TO COMPEL PUBLICATION OF REPORT FOR WHICH NO DEFINITE TIME WAS FIXED.  Mandamus can be issued to compel a school board to publish the statement containing the particulars required by Comp. Laws 1917, § 4614, after the board had published a statement which did not substantially comply with the statute, over the board's objection that the time within which they could legally comply with the statute had passed, since the statute fixes no definite time for the publication of such report, and therefore only requires its publication within a reasonable time under the circumstances.

5.  MANDAMUS—TAXPAYER HAS SUFFICIENT BENEFICIAL INTEREST IN REPORT OF SCHOOL BOARD TO COMPEL ITS PUBLICATION.  A resident taxpayer of a school district can maintain mandamus to compel the school board to publish the statement required by Comp. Laws 1917, § 4614, though he had no interest in such publication different from that of other taxpayers in view of section 7391, authorizing mandamus to compel the performance of an act specially enjoined as a duty resulting from an office, and section 7392, providing that the writ must be issued in all cases where there is no plain, speedy, and adequate remedy at law since the purpose of compelling the publication of the statement was to give information to the taxpayer, and the court cannot say as a matter of law that such taxpayer was not beneficially interested in the publication.

Appeal from District Court, Seventh District, Carbon County; *Delworth Wooley*, Judge.

Application of R. W. Crockett for a writ of mandamus against the Board of Education of Carbon County School

District and others to compel the defendants to publish the annual statement required by statute. From a judgment granting the writ of mandamus prayed for, defendants appeal.

AFFIRMED.

*O. C. Dalby*, of Price, for appellants.

*O. K. Clay*, of Price, for respondent.

CORFMAN, C. J.

Plaintiff commenced this action in the district court of Carbon county against the defendants, as the board of education of said county, to compel them to make publication of an annual statement of receipts and disbursements of moneys during the year ending June 30, 1920, as provided for by section 4614, Comp. Laws Utah 1917.

It is, in substance, alleged in the complaint:

That the plaintiff is a resident, taxpayer, and citizen of said Carbon county. That the defendants, as such board, caused to be published in a newspaper having a general circulation in said county a pretended statement (as specifically mentioned and set forth in the complaint) of receipts and disbursements during the said year ending June 30, 1920, which was not in compliance with said statute, in that it failed to show:

"First, the amount on hand at the date of the last report; second, the amount of sinking fund and how invested; third, the money paid out, to whom, and for what paid; fourth, the balance of school moneys on hand; fifth, the number, date and amount of every bond issued and redeemed,  *  *  *  and the amount received and paid therefor."

That at the time of said publication of said pretended statement demand was made upon the defendant board of education that it publish a statement in compliance with the said statute, but that said board then, and ever since has,

wholly disregarded and refused to comply therewith and threatens to continue to do so.

An alternative writ of mandate issued out of said court. Defendants appeared and filed a demurrer, both general and special, and also an answer to the complaint admitting that a demand had been made upon them, and that the statement as pleaded in the complaint was published, but denying that the same did not meet the requirements of the statute. The special demurrer was upon the grounds that the plaintiff had no legal capacity to sue, either as an individual or on relation of the state, and that the court had no jurisdiction of the subject-matter of the action. The demurrer was overruled by the court, and thereupon the plaintiff moved for and was granted a judgment upon the pleadings. The trial court found that the statement as published did not substantially comply with the statute, and by its judgment commanded that the defendants publish a statement meeting the requirements thereof in the particulars called for in the plaintiff's complaint.

Defendants appeal. They assigns as errors the overruling of their demurrer and the entering of the judgment upon the finding made that they had not complied with the statute.

The statute (section 4614, Comp. Laws Utah 1917), among other things, expressly provides that it shall be the duty of the clerk of the board of education to prepare and submit to the board "an annual statement, under oath, of the receipts and disbursements during the year ending June 30th, which statement the board shall cause to be published in a newspaper having general circulation in the county," showing the specific things pleaded in the plaintiff's complaint hereinbefore set forth.

Defendants contend that the statement as published by them was a substantial compliance with the statute. We deem it unnecessary to set forth in this opinion the statement as made and published. Suffice it to say that the statement contains nothing more than a general statement of receipts and disbursements for the year ending June 30, 1920, without giving any information in the

particulars called for by the plain and positive provisions of the statute, as complained of by the plaintiff. It is apparent from a reading of the statute that it was designed for the benefit and interests of the citizen taxpayers so that they may be informed as to whether or not the financial affairs of the school district each year have been properly and lawfully conducted on the part of the board of education.

It is one of the cardinal rules of construction that a statute must be construed with reference to the objects sought to be accomplished by it. The mere general statement that certain sums of money were received and certain sums paid out on account of the support and maintenance of the public schools affords no information to the taxpayer and subserves none of the purposes intended by the enactment of the statute under consideration.

As illustrative of the noncompliance with the statute on the part of the defendants, the statement complained of shows that during the school year ending June 30, 1920, the following disbursements were made:

"Administrative and general expenses, exclusive of bond interest, $18,022.70; school operating expense, $150,611.61; school furniture and apparatus, $5,845.78; injuries to employés, $132.75."

And nothing more is stated for the information of the taxpaying public, whereas the statute expressly provides that the statement published shall show "the moneys paid out, to whom, and for what paid." In not a single instance does the statement published show to whom and for what the moneys were paid. The statement is also deficient in all the other particulars complained of by the plaintiff.

We thing the statute is mandatory in its requirements and that its plain and positive provisions manifest its purposes so clearly that the contention made by the defendants that they have substantially complied with it must fail. 25 R. C. L. § 16; 36 Cyc. p. 1110; *Wykoff* v. *W. H. Wheeler & Co.,* 38 Okl. 771, 135 Pac. 399.

It is next contended by defendants that, even though they failed to make publication, in compliance with the statute, the time in which they might legally comply with its provi-

sions has passed, and that therefore a writ of mandate will not lie. In support of this contention we are cited to the following authorities: *Roll* v. *Perrine,* 34 N. J. Law, 254; *People* v. *Greene County Sup'rs,* 12 Barb. (N. Y.) 217; *People* v. *Westchester County Sup'rs,* 15 Barb. (N. Y.) 607; *People* v. *Highway Com'rs of Town of Seward,* 27 Barb. (N. Y.) 94; *State* v. *Lehre,* 7 Rich. (S. C.) 234; *Stacy* v. *Hammond,* 96 Ga. 125, 23 S. E. 77; *Rice* v. *Walker,* 44 Iowa, 458.

We do not think these citations have any application in the present case. They hold that the writ of mandamus will not lie in cases where there is no possibility of performance of the acts required. In the case at bar the statute invoked does not require publication of a statement in conformity with its provisions upon a specific date, nor within any fixed period, or limited time. Of course, in the absence of a time fixed by statute, the publication should be made within a reasonable time after the year's end. In the present instance it is not made to appear, nor is any substantial reason assigned, why the officers complained of may not now just as readily act by preparing and publishing a proper statement as at any time before.

It is further urged on behalf of defendants that the plaintiff is without legal capacity to sue; that it is evident from the complaint that the plaintiff has no such personal interest in the matter of the publication of a statement as will entitle him to maintain the action against the defendants.

Under the provisions of our statutes (section 7391, Comp. Laws Utah 1917) a writ of mandamus "may be issued * * * to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station," and section 7392 provides:

"This writ must be issued in all cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law. It must be issued upon affidavit, on the application of the party beneficially interested."

The defendants insist that it does not appear from the allegations of the complaint that the plaintiff has any special

or peculiar interest to subserve in the publication of the statement called for by the statute, and therefore, if it be conceded that the statute has not been complied with, any action to compel performance on the part of the defendants in their official capacity should be brought in the name of the state by its proper officers for the benefit of the public as a whole. Defendants refer us to the following cases as illustrative of the application of this rule: *Young* v. *Regents of University of Kansas,* 87 Kan. 239, 124 Pac. 150, Ann. Cas. 1913D, 701; *Fritts* v. *Charles,* 145 Cal. 512, 78 Pac. 1057; *Colnon* v. *Orr,* 71 Cal. 43, 11 Pac. 814; *People* v. *Budd,* 47 Pac. 594[1]; *Ellis* v. *Workman,* 144 Cal. 113, 77 Pac. 822; Sutherland, Pleading, vol. 4, p. 3849, § 7081.

As to just when, within the meaning of the statute, a party is beneficially interested in the performance of an official duty on the part of a public officer, is not always a matter of easy determination. There are no fixed rules for determining the question, and consequently the authorities do not appear to be altogether harmonious. All agree, however, that mandamus proceedings should not be upheld on the part of an individual who, under the guise of correcting official delinquencies, uses the writ merely as a means of vexing and annoying public officials when he has no special or peculiar interest, as distinguished from that of the general community. In the present case it is shown that the plaintiff is a citizen and resident taxpayer of Carbon county school district. As such, we are not prepared to say that within the meaning of our statute he is not a party beneficially interested in having a statement prepared and published in the manner in which the law expressly and clearly enjoins. True it is plaintiff seeks the performance of a duty that does not concern himself alone, but one that inures to the benefit of all citizens and taxpayers of the district alike; yet at the same time he himself as a citizen and taxpayer necessarily had sufficient interest and the right to maintain the action. *Slavin* v. *McGuire,* 205 N. Y. 84, 98 N. E. 405, Ann. Cas.

---

[1] Reported in full in the Pacific Reporter; reported as a memorandum decision without opinion in 115 Cal. xvii.

1913C, 909; 18 R. C. L. pp. 325, 326; *Hall* v. *People,* 57 Ill. 307; *Wampler* v. *State,* 148 Ind. 557, 47 N. E. 1068, 38 L. R. A. 834.

It follows from what has been said that the plaintiff in this action had the legal right to sue. The complaint clearly and specifically pointed out the particulars wherein the defendants in their official capacity failed to publish a statement of receipts and disbursements of the monies of Carbon county school district for the year ending June 30, 1920, in conformity with law. The statute invoked by the plaintiff was not, in the particulars pointed out in the complaint, substantially complied with.

It is therefore ordered that the judgment of the district court be, and the same is hereby, affirmed, with costs to the plaintiff.

WEBER, GIDEON, THURMAN, and FRICK, JJ., concur.