DUNN v. BRYAN, County Clerk, etc.

No. 5079. Decided May 6, 1931. (299 P. 253.)

*E. Le Roy Shields,* of Tooele, and *Woolley & Holther,* of Ogden, for appellant.

*C. E. Baker,* of Tooele, for respondent.

FOLLAND, J.

Plaintiff, a citizen and resident taxpayer of Tooele county, Utah, filed his petition in the district court of that county, for writ of mandate against defendant as auditor of Tooele county, to require him to publish in a newspaper of general circulation in that county a detailed financial statement of Tooele county for the year ending December 31, 1929, in compliance with Comp. Laws Utah 1917, § 1555, as amended by chapter 63, Laws of Utah 1927. The district court sustained defendant's demurrer to the petition and dismissed the action. Plaintiff appeals.

The petition sets out a copy of a pretended financial statement for the year 1929 published in a named newspaper of general circulation in the county, which the defendant claims is in full compliance with the statute, but which plaintiff says fails to meet the requirements of the law. Plaintiff alleges that he has made demand upon the defendant to publish a statement in compliance with the statute, but that he has wholly disregarded and refused to comply with such demand and threatens to continue so to do. Decision of

the case calls for a construction of the statute. Section 1555 as amended is as follows:

"The county auditor shall prepare and publish during the month of January of each year, in some newspaper having general circulation in the county, a detailed statement of the financial condition of the county and all receipts and expenditures for the previous year ending December 31st, showing:

"(1)   The total receipts of the county, stating particularly the source of each portion of the revenue;

"(2)   The amount of cash on hand at the date of the last report;

"(3)   The amount of sinking fund and how invested;

"(4)   The number, date, and amount of every bond issued or redeemed and the amount received or paid therefor;

"(5)   The indebtedness of the county, funded and floating, stating the amount of each class and the rate of interest borne by such indebtedness or any part thereof;

"(6)   A concise statement of all property owned by the county with an approximate estimate of the value thereof, and the amount of cash in the county treasury and its several funds;

"(7)   Each warrant issued, to whom and on what account; provided, that if more than one warrant has been issued to one individual on the same account during the year, the aggregate amount shall be shown in the statement as one warrant; and, provided, further, that various items paid out to individuals that are charges on the county shall not be published, but the same may be stated as a total, and the itemized statement of the same shall be on file in the auditor's office."

The only change made by the amendment of 1927 is to require the statement for the previous year ending December 31st to be published in January, instead of in July for the previous year ending June 30th. In other respects the wording of the statute is the same as when first published as section 613 of the Revised Statutes of 1898.

The financial statement published by the auditor contains a more or less detailed account of the county property, resources, and receipts (as to the advertising of which no point is here made), and sets out the disbursements under headings such as:

Box rent ...............................................$     10.80
County Clerk's office ................................    3,785.59
Health department ...................................      970.40
County roads ........................................   43,471.25

There is no need to copy the entire list of disbursements, since the above are typical and furnish a fair idea of the character of the statement. Plaintiff contends that the law requires that disbursements be reported in detail, showing each warrant issued with name of payee and ■ amount, under proper headings, except where more than one warrant has been issued to the same individual on the same account during the year the aggregate amount may be shown as one warrant, and except that amounts paid to indigents may be grouped and shown under one heading. This, he says, is the plain meaning and intent of the statute.

Defendant contends that the Legislature by subdivision 7 of section 1555, and particularly by the second proviso thereof, conferred on the county auditor a discretion so that he may in the published statement, if he deems advisable, show each warrant issued, to whom and on what account, or he may in the alternative show only the totals of each account, and have on file in his office an itemized statement of such accounts for information of the diligent and interested taxpayer.

The statute clearly requires the statement to contain "each warrant issued, to whom, and on what account," except as this language is modified by the two provisos following the general language in subdivision 7. The meaning of the first proviso is plain. Its purpose is to avoid duplication of names, and directs that, where more than one warrant on the same account is issued to the same individual, the several payments may be consolidated and published as one warrant. The name of payee and designation of the account charged are still required.

The troublesome factor is the second proviso, which is as follows:

"Provided, further, that various items paid out to individuals that are charges on the county shall not be published, but the same may be stated as a total, and the itemized statement of the same shall be on file in the auditor's office."

This, says the defendant, gives the county auditor the option of publishing the statement in the form adopted by him, showing merely the names of accounts and total disbursements under each head. He reaches the conclusion by reference to Comp. Laws Utah 1917, § 1434, which specifies in twelve subdivisions what are county charges, and includes "charges incurred against the county by virtue of any of the provisions of this title," thus indicating that "county charges" is a term so broad as to mean any and all disbursements made by a county in the regular and orderly course of its business, and suggests the phrase, "items paid out to individuals that are charges on the county," may well mean "items that are charges on the county."

We are not impressed with these conclusions, nor the argument which attempts to sustain it. In order to determine the meaning of this proviso, we must resort to the ordinary rules of construction, and, when these rules are applied, the legislative intent is reasonably clear.

"It is a cardinal rule of construction that significance and effect shall, if possible, be accorded to every section, clause, word or part of the act." 25 R. C. L. 1004.

"The several provisions of the statute should be construed together in the light of the general purpose and object of the act and so as to give effect to the main intent and purpose of the legislature as therein expressed." 25 R. C. L. 1007.

"An interpretation which defeats any of the manifest purposes of the statute cannot be accepted." 25 R. C. L. 1014.

In *Crocket* v. *Board of Education of Carbon County School Dist.*, 58 Utah 303, 199 P. 158, 160, this court had under consideration section 4614, Comp. Laws Utah 1917, which requires the clerk of each county school board to publish annually a detailed financial statement. The design as well as the purpose of that statute and the one here involved are identical. The statutes differ in detail so that the decision there is not controlling here as to the meaning of the second proviso in subdivision 7 of section 1555. The defendant in that case sought to comply with the law by pub-

lishing a statement of disbursements grouped in accounts instead of in detail. This court said:

"We think the statute is mandatory in its requirements and that its plain and positive provisions manifest its purposes so clearly that the contention made by the defendants that they have substantially complied with it must fail. 25 R. C. L. § 16; 36 Cyc. p. 1110; *Wykoff* v. *W. H. Wheeler & Co.*, 38 Okl. 771, 135 P. 399. * * *

"It is one of the cardinal rules of construction that a statute must be construed with reference to the objects sought to be accomplished by it. The mere general statement that certain sums of money were received and certain sums paid out on account of the support and maintenance of the public schools affords no information to the taxpayer and subserves none of the purposes intended by the enactment of the statute under consideration."

The statute section 1555, is mandatory in form, requiring that:

"The county auditor shall prepare and publish during the month of January of each year, in some newspaper having general circulation in the county, a detailed statement of the financial condition of the county and all receipts and expenditures for the previous year ending December 31st. * *· *"

This general statement is followed by the enumeration of particular items which must be included in the statement. The main proposition in subdivision 7 is, "Each warrant issued, to whom, and on what account." After stating in general language the requirement of a detailed statement of all receipts and expenditures and specifying with particularity what should be in the "detailed statement," it is not likely that the Legislature would, by a proviso, leave it optional with a local officer to completely emasculate the statute and destroy the force and effect of the main proposition which the proviso modifies.

"A proviso which operates to limit the application of the provisions of a statute, general in their terms, should be strictly construed to include no case not within the letter of the proviso." 25 R. C. L. 985.

"And since the office of a proviso is not to repeal the main provisions of the act but to limit their application, no proviso should be so construed as to destroy those provisions." 25 R. C. L. 986.

"The office of a proviso, generally, in a statute is either to except something from the enacting clause or to qualify or restrain its generality, or to exclude some possible ground of misinterpretation of it, as extending to cases not intended by the Legislature to be brought within its purview; its office is not to confer a power, or, as a general rule, to enlarge the enactment to which it is appended, so as to operate as a substantive enactment itself." In re Hoss' Estate, 59 Wash. 360, 109 P. 1071 (headnote).

Since the intent of the law, expressed in plain language, requires the publication of a detailed statement, an application of the rules of construction do not permit the proviso to be construed and applied to mean that nothing but totals are required.

Another canon of construction is that "relative and qualifying words, phrases and clauses are to be applied to the words or phrases immediately preceding, and are not to be construed as extending to or including others more remote." 36 Cyc. 1123. The phrase "that are charges on the county" must be held to modify the immediately preceding noun "individuals" and not as descriptive of the remotely antecedent noun "items."

Counsel for defendant suggests that this construction is not available because "it is hardly probable that a presumably literate Legislature would have used the ambiguous relative that to refer to an antecedent signifying persons when it had at hand the more definite who, which in common grammatical usage is always used with reference to persons rather than things."

This conclusion is not justifiable, as lexicographers and grammarians give their sanction to the use of the relative pronoun "that" in introducing a defining relative clause, such as the one it introduces here.

Webster's New International Dictionary, 1929 Ed. defines "that" "3. As a relative pronoun equivalent to who or which, either singular or plural. 'He that reproveth a scorner.' Prov. 9: 7. Present usage usually favors who or

which when the relative contains a qualification or statement simply additional or parenthetic, and that when it is definitely restrictive."

Volume VIII, The Century Dictionary and Cyclopedia (Ed. 1902), at end of treatise defining the word "who," page 6915, contains the following:

"Who, which, and that agree in being relatives, and are more or less interchangeable as such. * * * some recent authorities teach that that should be used when the relative clause is limiting or defining, as: the man that runs fastest wins the race.

H. W. Fowler in "A dictionary of modern English usage," p. 635 (defining "that"), while conceding that the practice is not universal, suggests, "If writers would agree to regard that as the defining relative pronoun and what as the nondefining, there would be made some gain both in lucidity and in ease."

It would seem, therefore, that the word "that" was properly used in introducing the phrase "that are charges on the county" as a defining relative phrase modifying the immediately preceding noun "individuals." The pronoun has reference to "individuals that are a charge on the county," rather than to "items that are a charge on the county."

What, then, is the meaning of the phrase "charge on the county"? We do not find any definition of this precise phrase, but one analogous to it, "public charge," has a well-defined meaning. In Ex parte Kichmiriantz, 283 F. 697, 698, Dooling, Dist. Judge, says:

"I am of the opinion that the words 'public charge,' as used in the Immigration Act * * * mean just what they mean ordinarily; that is to say, a money charge upon, or an expense to, the public for support and care."

In *Wallis* v. *U. S.* (C. C. A.) 273 F. 509, 511:

"A person likely to become a public charge is one whom it may be necessary to support at public expense by reason of poverty, insanity and poverty, disease and poverty, idiocy and poverty."

In common parlance, if one speaks of individuals that are a charge on the county, he would be understood to refer to indigent persons obtaining support from the county.

The second proviso, therefore, is not a proposition meaning that the county auditor has discretion to group all items into various accounts and publish only the account names and totals, but it performs the functions usual with provisos of qualifying or limiting the generality of the main proposition, and allows the expenditures referred to therein to be excluded from the operation of the main provision. The items thus excluded are the individual amounts paid to indigents by the county. The names of the individuals and the amounts received by each need not be separately stated, but may be grouped and the total only given. The statute requires the publication of details of expenditures showing the name of payee and amount of each warrant under each account heading, with the exceptions noted in the two provisos as we have construed them.

The statute requires the financial statement to be published in January for the year immediately preceding. This action was commenced in May, 1930, after the expiration of the time fixed by law for the publication of the 1929 statement. A financial statement for 1929 was published by the defendant during the month of January, 1930, but it was not such a detailed statement of expenditures as the law requires. It may not serve any useful purpose to require publication of the 1929 statement at this time; yet the circumstances are not such as to preclude compliance by lapse of time. It may well be that, if the county auditor fails to publish a proper statement within the time designated by law, the courts could and should require him, upon timely application, to do so within a reasonable time thereafter; otherwise the plain mandate of the statute and the will of the people as expressed by the Legislature could be defeated by a public officer delaying action until the time designated had expired. *State* v. *Chouteau County Com'rs*, 44 Mont. 51, 118 P. 804.

The judgment of the district court is reversed, and the cause remanded, with directions to vacate the order sustaining the demurrer and dismissing the action, and to reinstate the case and overrule the demurrer; appellant to recover costs.

CHERRY, C. J., and STRAUP, ELIAS HANSEN, and EPHRAIM HANSON, JJ., concur.