## CONOVER v. BOARD OF EDUCATION OF NEBO SCHOOL DIST. et al.

No. 6937. Decided December 13, 1946. (175 P. 2d 209.)

Rehearing denied November 24, 1947.

See 96 C. J. Schools and school districts, sec. 669; 47 Am. Jur. 371.

*Ned Warnock,* of Salt Lake City, for appellant.

*Elias Hansen,* of Salt Lake City, for respondent.

LARSON, Chief Justice.

This is an appeal on the judgment roll from an order of the district court denying the appellant a Writ of Mandate against the Nebo School District and the individual members thereof.

The appellant, Harrison Conover, a resident taxpayer in the Nebo School District, petitioned the district court for a writ of mandamus to require the school district to publish a financial report of the affairs of the district for the fiscal year ending June 30, 1945, in conformity with Sec. 75-11-15, U. C. A. 1943. The school district published a financial statement on December 27, 1945. The appellant alleged in his petition that the publication did not comply with the statute in that there were not set forth in the statement the moneys paid out and for what paid and to whom paid. Respondents demurred to the appellant's petition claiming that the petition did not state a cause of action because the statement as published was a substantial compliance with the statute, also, that Sec. 75-11-15 was unconstitutional because it violated Art. VI, Sec. 26, Subsections 18, 17, and 16.

The statute in controversy, Sec. 75-11-15, in substance, provides that an annual statement prepared and submitted to the board shall be published in a newspaper having general circulation in the district, showing

"(3) The moneys paid out, and for what paid, *and in county school districts, also to whom paid.*" (Italics ours.)

In the statement as published the respondents broke the expenditures down under general headings. For example: The first heading is titled "General Control" under which is a long list of names with no amounts listed after the name, and at the end of the list is the total sum of $15,178.84. It is impossible to determine the amount each or any person was paid from the total listed at the bottom of the heading.

The same is true of the other headings which are titled, "Instructional Expense, Maintenance of School Plant, Operation of Plant Expense, Debt Service, Capital Assets and Improvements."

Respondents argue that this statement which is specific as to the persons paid, but which is general as to the amount paid, is a substantial compliance with the statute. This poses the principal issue of this case: Did the respondents comply with the statute in respect to the requirement as "to whom paid" in that the amount of expenditure to each person is not shown?

In the case of *Crockett* v. *Board of Education of Carbon County*, 58 Utah 303, 199 P. 158, 159, this court had under consideration similar issues which necessitated the consideration of the design as well as the purpose of this statute. We quote from that opinion:

"It is apparent from a reading of the statute that it was designed for the benefit and interests of the citizen taxpayer so that they may be informed as to whether or not the financial affairs of the school district each year have been properly and lawfully conducted on the part of the board of education.

"It is one of the cardinal rules of construction that a statute must be construed with reference to the objects sought to be accomplished by it. The mere general statement that certain sums of money were

received and certain sums paid out on account of the support and maintenance of the public schools affords no information to the taxpayer and subserves none of the purposes intended by the enactment of the statute under consideration * * *.

"We think the statute is mandatory in its requirements and that its plain and positive provisions manifest its purpose so clearly that the contention made by the defendants that they have substantially complied with it must fail."

The statute is clearly construed. We have a concise statement of the law—that general statements that certain sums were received or paid out affords very little information to the taxpayer and does not subserve the purposes of the statute. With the statute and this construction firmly in mind, let us explore the published statement. In each category we find a long list of names of persons at the end of which is a general total. The question immediately arises concerning the purpose of statute: Is the taxpayer informed as to the moneys paid out, to whom and for what paid? We think not. The only information that could possibly be gleaned from the statement is that John Doe received something. Not in one single instance does the statement show the amount a person or a firm was paid. There is merely a general statement as to the moneys paid. Respondent argues if more detailed information is desired the taxpayer can easily obtain it by going to the district clerk and obtaining the records and examining them. We are not impressed by this conclusion or the argument used to support it. The plain meaning of the statute is: Since the school district pays out money, it must annually publish not only a list of the persons to whom the money was paid but the amount paid to each. *Crockett* v. *School Board*, supra. It cannot be doubted that one of the principal reasons for requiring a publication of the financial statement is to provide the taxpayers with the information and thereby save them the necessity of journeying to the office of the board to examine the records. We must construe these provisions in the light of the general purpose and object so as to give effect to the main intent and pur-

pose of the legislature. *Dunn* v. *Bryan,* 77 Utah 604, 299 P. 253. It is settled law that an interpretation which defeats any of the manifest purposes of the statute cannot be accepted. 25 R. C. L. 1015; *Dunn* v. *Bryan,* supra.

We conclude that the respondents' statement contains nothing more than a general statement that certain sums were paid which does not afford the information to the taxpayer, required by the statute.

It is next contended by the respondents that Sec. 75-11-15 is unconstitutional because it violates Art. VI, Sec. 26, Subsections 18, 17, and 16.

In support of this contention respondents argue, that there is no basis for the law requiring Boards of Education of school districts within cities of the first and second class to merely publish a financial statement of moneys paid out and for what paid and to cast upon the Boards of Education in the county the additional duty of setting out *to whom* the money has been paid. Art. X, Sec. 6 of the Constitution of Utah classifies school districts into cities of the first and second class and county school districts. Respondents recognize this classification made by the constitution and, admits that it is idle to argue that laws made by the legislature in conformity with such classification are unconstitutional.

Respondents assert that under our present school systems the county school districts are so concentrated and compact that their operation and administration is not only similar, but in many ways identical with the districts in cities of the first and second class. The fallacy of this contention can be easily shown by presenting the Nebo School District as an example: In this district there are at least thirteen scattered communities which prior to the constitution were separate school districts. Under our present system the schools of all thirteen communities are operating under one administration. Obviously, the combining of these scattered districts into one central school district does not create a school district similar to those existing in cities of the first and second class.

The manifest object of classifying the school districts according to cities and counties as provided by Art. X, Sec. 6 of our constitution, was to allow and permit the grant and exercise of different rights, powers and liabilities by the different classes. *Merrill* v. *Spencer,* 14 Utah 273, 46 P. 1096. It is evident that cities containing a closely knit and concentrated population may require different treatment, powers and legislation from counties whose inhabitants are spread out and scattered.

To classify these systems so that general laws applicable to separate classes will meet the necessities of the case was a wise provision, and a law which applies to one or more, but not to all, of these classes, is not for that reason special legislation. See *People* v. *Henshaw,* 76 Cal. 436, 18 P. 413; *Cody* v. *Murphey,* 89 Cal. 522, 26 P. 1081.

We have many laws, the constitutionality of which are not doubted, that do not operate alike upon all citizens of the state. Take the case of general laws for the incorporation of cities and town, which is one of the special cases enumerated in Art. XI, Sec. 5 of our constitution, in which the laws must be general and of uniform operation. By those laws certain rights, powers and privileges are conferred upon cities of the first class, while certain other different and less powers and privileges are conferred upon cities of the second class, cities of third classes and incorporated towns. *Salt Lake City* v. *Salt Lake County,* 60 Utah 423, 209 P. 207. The same is true of corporations organized for different purposes. Each class has powers different from the other.

These laws are general and uniform, not because they operate equally upon every person in the state, for they do not, but because every person who is brought within the scope of law is subjected to the same limitation and restrictions and granted the same privileges. They are general and uniform in their operation upon all persons in the like situation, and the fact of their general and uniform operation is

not affected by the number of persons within the scope of operations.

We conclude, therefore, that the legislature may pass laws which will be general if they operate uniformly and generally upon all school systems of the class created and designated by the constitution itself or all school districts similarly situated.

Respondents' final contention is that the appellant's petition is fatally defective in the following particular: The published statement was never made a part of the complaint making the provisions pleaded bare conclusions of law. It is admitted that the court granted appellant's request to amend his petition by attaching a copy of the Spanish Fork Press, which contained the statement in question. But this, complains the respondents, did not amount to an amendment of the petition.

It is conceded that the trial court granted the appellant permission to amend his petition for the purpose of putting the published statement in issue.

The judgment roll reads as follows:

"The court granted a motion of the petitioner to amend the petition by attaching a copy of the Spanish Fork Press."

On page one of the district court's memorandum decision the court said:

"In due course, the respondent filed and served their general and special demurrers, which, after amendment of the petition by attachment thereto of a copy of the Spanish Fork Press, issue January 3, 1946, containing the statement as published by the respondents, were overruled in all considerations except the constitutional question."

We have carefully examined the record and we have been unable to find an objection or any evidence of an objection made by the respondents that complaint was not amended. That point is raised here for the first time. In fact, after a complete trial of the case the findings of fact set the published statement out in complete detail. Both parties and the court proceeded to

try the case upon the issues posed by the amended complaint. No objection was made that the complaint was not amended. This court will not permit a case to fail of determination on the merits because of technical mistakes in pleading or irregularities where a court may grant relief when timely pleaded. *Findlay* v. *National Union Indemnity Co.*, 85 Utah 110, 38 P. 2d 760. The appellant was timely in asserting his right to amend. The court allowed the amendment. The petition was amended. Judgment reversed with instructions to grant the writ. Costs to appellant.

McDONOUGH, PRATT, WADE, and WOLFE, JJ., concur.