**TOWN OF PORT ACRES et al., Appellants,**

v.

**CITY OF PORT ARTHUR et al., Appellees.**

**No. 6392.**

Court of Civil Appeals of Texas.

Beaumont.

Oct. 13, 1960.

Rehearing Denied Nov. 9, 1960.

George Camp, Beaumont, B. T. Mc-Whorter, Port Arthur, for appellants.

Jack Voyles, Port Arthur, Keith, Mehaffy, McNicholas & Weber, Beaumont, for appellees.

McNEILL, Justice.

This quo warranto action was instituted by the State on relationship of the City of Port Arthur against the Town of Port Acres and its Mayor and City Councilmen Martin Le Piniec, Alfred Wolfe, Austin Newsome, Jack Meguez, Frank Philyaw, and Vernon Chauvin, challenging the validity of the incorporation proceedings of said Town. The petition alleged that the area known as the Town of Port Acres was lying adjacent to the city limits of the City of Port Arthur on February 24, 1958, and at all times since and that on said date the City Commission of the City of Port Arthur introduced and had the first reading of proposed Ordinance No. 409, the object of which was on final passage to annex the Port Acres area to the City of Port Arthur. Said ordinance was referred to and made a part of the petition. The petition then alleged that by the first reading of said proposed ordinance the City of Port Arthur acquired exclusive jurisdiction of the land involved; that thereafter on the 22nd day of July, 1959, the City Commission of said city passed to third reading Ordinance No. 409 and on the 24th day of November, 1959, the City Commission finally adopted and passed said Ordinance No. 409 as Ordinance No. 2549, and the petition alleged that said ordinance has been in full force and effect since said last date; that same is a valid and effective ordinance of the city, making the territory annexed therein legally a part of the City of Port Arthur. It was also alleged that a portion of the territory annexed, described in Ordinance No. 409, included the territory within the boundaries of Jefferson County Water Control & Improvement District No. 5; that because of certain proceedings calling for an election in said district upon the question of issuing bonds for certain needed improvements, which were necessary prerequisite to the annexation of the area to the City of Port Arthur, the City Commission of Port Arthur deferred final action on Ordinance 409 until the date shown; that on November 2, 1959, said water district had not completed the issuance and sale and delivery of the bonds which had been authorized by the voters but that on said November 2, 1959, the County Judge of Jefferson County entered an order setting aside an order theretofore entered by him calling for an election in the Town of Port Acres, Texas to determine whether the same should become an incorporated town under the laws of the State; and that within a matter of hours after the entry of such order by the County Judge the City Commission of the City of Port Arthur met in special session and adopted Ordinance No. 2535 of said city which was referred to and incorporated as a part of the petition. As this ordinance immediately became effective it annexed all of the lands lying next to the City of Port Arthur known as the Port

Acres area; that said Ordinance No. 2535 was a valid and lawful exercise of the powers of said city, and that it is in full force and effect and that it has never been repealed or modified; that by virtue thereof the area known as the Town of Port Acres became and is a part of the City of Port Arthur.

The petition quoted art. 1, Sections B and C of said Ordinance No. 2535 and then pleaded that Section C was inserted in said ordinance by mistake or clerical error and that the intent of said ordinance was such that Section C should be disregarded or omitted and alleged generally that said ordinance should be construed so that it would be held valid and effective so as to legally incorporate the disputed area as part of the City of Port Arthur. In view of the turn that this case has taken, we feel that the entire Ordinance No. 2535 should be copied here.

"Ordinance No. 2535

"An Ordinance Annexing Territory Adjacent and Contiguous to the City of Port Arthur Pursuant to Vernon's Annotated Civil Statutes, Article 1175 (2) and Chapter I, Section 4 of the Charter of the City of Port Arthur (as Amended); Providing That the Consent of Said Annexed Territory and the Inhabitants Thereof is Not Required, and an Election Will Not Be Held; Providing Savings Clauses; and, Providing the Effective Date of the Annexation Shall Be Upon Final Reading and Adoption of This Ordinance; and, Repealing All Ordinances or Parts of Ordinances in Conflict Herewith.

"Be It Ordained By the City Commission of the City of Port Arthur, Texas:

"*Article 1. Territory Annexed*

"A. Pursuant to Chapter I, Section 4 of the Charter (as amended) of the City of Port Arthur, there is hereby annexed to the City of Port Arthur the territory described in Article 1, Section B of this Ordinance. (Said territory is hereinafter styled the Annexed Territory.)

"B. The Annexed Territory is comprised of the following: All of that certain parcel of land (lying and being situated in Jefferson County, Texas) which comprises all the territory and lands lying within and encompassed by the territorial limits or boundaries herein described:

"(1). Bounded on the North by the North boundary line of Highway No. 365, on the East by the East right of way line of Highway No. 347, on the South by the South right of way line of Highway No. 73 between Highway No. 347 and the South boundary line of W. C. I. D. No. 5, and on the West by the East boundary line of W. C. I. D. No. 5.

"(2). All of that certain parcel of land lying and being situated in Jefferson County, Texas, which comprises all the territory and lands lying within and encompassed by the territorial limits or boundaries of Jefferson County Water Control and Improvement District Number Five (5) as said limits or boundaries now exist and are manifest of record with the exception of all that portion of Lot No. 14, Block No. 25, Lot No. 11, Block No. 1 in Port Acres Subdivision lying north of Farm to Market Road No. 365; excluding and excepting, however, the following:

"(a). Any land or area within the Annexed Territory which is already a part of and is incorporated within the Corporate Limits of the City of Port Arthur; and,

"(b). Any land or area within the Annexed Territory which is not within the jurisdiction of the City of Port Arthur to annex.

"C. The lands and areas described in Article 1, Section B(1) and (2) are hereby excluded and excepted from the Annexed Territory as fully as if they had been expressly described and excepted from the Annexed Territory.

*"Article 2. Consent of Inhabitants of Annexed Territory not Required and Election will not be held*

"A. Pursuant to the authority of Vernon's Annotated Civil Statutes, Art. 1175(2) and Chapter I, Section 4 of the Charter of the City of Port Arthur (as amended), the City Commission hereby determines that said annexation shall become effective without the consent of the Annexed Territory and the inhabitants thereof.

"B. The Charter of the City of Port Arthur does not authorize an election within the City to determine whether or not the Annexed Territory shall be annexed; therefore, pursuant to, and in accordance with Vernon's Annotated Civil Statutes, Art. 1175(2) and Chapter I, Section 4 of the Charter of the City of Port Arthur (as amended), no election concerning the annexation will be held in the City of Port Arthur or in the Annexed Territory.

*"Article 3. Annexed Territory to be Part of City*

"A. From and after the passage of this Ordinance, pursuant to the provisions of said Charter, the above described Territory shall be a part of the City of Port Arthur for all purposes and shall be subject to all the laws, rules, regulations and ordinances of said City.

*"Article 4. Savings Clauses*

"A. Should any part of this Ordinance be declared invalid by a Court of Competent Jurisdiction, it shall not effect or vary the remaining parts of the Ordinance.

"B. Should this Ordinance for any reason be ineffective as to any part of this Annexed Territory hereby ordained annexed, such ineffectiveness as to any such part or parts of the Annexed Territory shall not affect the effectiveness of this Ordinance as to all the remainder of the Annexed Territory.

*"Article 5. Effective Date of Ordinance*

"A. This being an Ordinance for which publication is not required under the Charter of the City of Port Arthur, it shall not be published but shall take effect and be in force immediately from and after *is* passage.

"Read, Adopted and Approved by *5* votes in favor of this Ordinance and *0* votes against this Ordinance at a Special Meeting of the City Commission of the City of Port Arthur, Texas, held this 2nd day of November, A.D., 1959."

The petition then alleged that on or about November 20, 1959, upon a petition submitted by more than 20 signatures of qualified voters residing within the limits of the proposed town to be known as Port Acres, the County Judge of the County of Jefferson ordered an election to be held to determine whether the area should be incorporated as a town under the laws of the State; that thereafter an election was held within said area on December 12, 1959 resulting in a vote for incorporation, and that the results were duly certified and declared by the County Judge; and on January 9, 1960 an election was held for town officers at which Martin Le Piniec was elected Mayor and the other named defendants councilmen. The petition alleged that said elected officials were asserting authority and attempting to exercise rights of City officials under the election held and that this action, therefore, was brought praying for an order declaring said incorporation invalid and enjoining the officials of the purported Town

of Port Acres from in any manner attempting to exercise authority under such proceedings, and that the ordinances of the City of Port Arthur, Nos. 2535 and 2549 be upheld.

The Town of Port Acres and its officials answered and pleaded in their second amended original answer, among other things, that the town was properly incorporated and that the individual defendants were the legal and acting officers thereof; that the City Commission of the City of Port Arthur, in merely reading on February 24, 1958 the proposed Ordinance No. 409, and passing it to second reading was a nullity, and the reading of this ordinance for a second time on July 22, 1959 was a nullity for the reason that under the charter of the City of Port Arthur, Chap. XXI, Sec. 2, it is provided that "It shall not be necessary to the validity of any ordinance that it be read more than one time or considered at more than one session of the City Commission * * *"; that on May 21, 1958 the City Commission passed Ordinances Nos. 2370 and 2371 which established mere 10 foot buffer strips so as to encircle the area of Port Acres and having the effect of cutting the area into two sections. It was further alleged that Ordinance 2535 passed by the City Commission on November 2, 1959, was so worded as to actually abandon the area of the Town of Port Acres or so as to de-annex the same, and that by virtue of the passing of all the above mentioned ordinances the City of Port Arthur effectively abandoned the area in dispute and the Town of Port Acres as a municipal corporation should be upheld.

Upon a hearing of the exceptions addressed to their adversaries' pleadings, those presented by appellants were overruled and certain of appellees' exceptions attacking the allegations of appellants in connection with abandonment of the area by virtue of the various ordinances were sustained as well as exceptions challenging the right of the Town of Port Acres without the supporting intervention of the State as a party to raise the validity of said ordinances, same being collateral attacks upon the annexation proceedings of the City. Exceptions of this nature were sustained by the court to appellants' first amended original answer as well as to the allegations in their second amended original answer. Appellants reserved exceptions to the court in sustaining the exceptions to their first and second amended answers. Upon trial on the merits the annexation Ordinances Nos. 2535 and 2549 (formerly proposed Ordinance 409) were declared legal and binding, and thereby annexed the area in dispute to the City of Port Arthur and the proceedings to incorporate the Town of Port Acres were invalid and the named individual defendants were enjoined from attempting to exercise any power or authority granted to cities, towns and villages under the laws of this state.

■ The Town of Port Acres and a majority of the individual defendants have appealed and present their case here upon three points. They first complain of the court's action in sustaining appellees' exceptions to certain paragraphs in appellants' first amended original answer. The point is without merit. Appellants, after the exceptions were sustained, having obtained leave of the court, filed their second original amended answer and thereby abandoned their former pleading. In doing this they waived any error of the court in sustaining exceptions to their first amended original answer. Cornish v. Houston Terminal Land Co., Tex.Civ.App., 257 S.W. 575; McDonald's Texas Civil Prac., Vol. 3, p. 880.

Appellants' second point complains of the court's action in sustaining appellees' exceptions to appellants' second amended original answer, which alleged, in effect, that by the passage of Ordinances 2370 and 2371 on May 21, 1958, the City waived any right it may have had under the first reading of Ordinance 409 on February 24, 1958, that by the reading of proposed Ordinance 409 the second time on July 22, 1959, the City waived or abandoned its rights under

Ordinances 2370 and 2371 which were buffer zone ordinances, and that since Ordinance 2535 adopted November 2, 1959, while containing Sec. B annexing the Port Acres area also contained Sec. C excepting the identical area from the effect of the ordinance, thereby abandoned all previous proceedings, and Ordinance 2535 being ineffective the proceedings instituted to incorporate the area on November 10, 1959 were effective, valid and should be upheld. It is argued that since the charter of the City of Port Arthur only requires enactment of an ordinance in one session of the City Council and no introduction of or reading at a previous meeting of the Council is necessary, the mere reading of these ordinances at widely separated meetings of the Commission accomplished nothing, was ineffective and void. However, in view of the record before us, we forego deciding whether the preliminary readings of proposed ordinances were without efficacy; and for the purposes of this case, assume, without deciding, that appellants, since the State was an adversary party, could make the attack asserted by it against the annexation proceedings of the City of Port Arthur. The issue is whether on the face of appellants' pleadings, abandonment of the disputed area was raised, either as a matter of law or as question of fact.

In the attack made appellants themselves alleged that Ordinance No. 2535 was adopted by the City Commission on November 2, 1959. This was the last action taken by the City before the beginning of the incorporation proceedings of the Town of Port Acres. Appellants' only attack upon this ordinance is because of the conflict between Sections B and C of art. 1 above pointed out. They say that since Section B annexes the area while Section C excepts the area, the action of the City in passing Ordinance No. 2535 amounts to a nullity and left the inhabitants of Port Acres free to institute incorporation proceedings. If this ordinance may be sustained as a valid annexation of the disputed area, appellants' allegations of aban-

donment fail and the trial court properly sustained the exceptions. We have concluded the ordinance upon the issue made validly annexed the disputed area and should be upheld. The following are our reasons therefor:

The same rules of construction apply to municipal ordinances as apply to statutes. Reed v. City of Waco, Tex.Civ.App., 223 S.W.2d 247. "The legislature cannot be presumed to destroy at birth its own enactment." Sutherland, Statutory Construction, Vol. 2, Sec. 4932, p. 470, (3rd Ed.). This is a well recognized rule. Allen v. City of Cambridge, 316 Mass. 351, 55 N.E. 2d 925. And applies in this state. 39 Tex. Jur. Sec. 118, pp. 208, 209. A careful examination of the ordinance leaves no doubt that the intent of the City Commission of the City of Port Arthur, as expressed therein, was to annex the "annexed territory". The title of the ordinance is one "annexing territory adjacent and contiguous to the City of Port Arthur * * * providing that the consent of said annexed territory and the inhabitants thereof is not required, and an election will not be held * * * providing the effective date of the annexation shall be upon final reading and adoption of this ordinance * * *." The title clearly indicates that territory was to be annexed. Article 1 is divided into three Sections, A, B, and C. Sec. A provides that there is "hereby annexed to the City of Port Arthur territory described in Art. 1, Sec. B of this ordinance. (Said territory is hereinafter styled the 'annexed territory')". Next, Sec. B of the Article describes the "annexed territory" in subsections (1) and (2). At the bottom of Subsection 2, two excluding areas, (a) and (b), are described:

"(a). Any land or area within the Annexed Territory which is already a part of and is incorporated within the Corporate Limits of the City of Port Arthur; and

"(b). Any land or area within the Annexed Territory which is not within

the jurisdiction of the City of Port Arthur to annex."

Section C of art. 1, the section in question, then proceeds to exclude and except from the annexed territory the area described in art. 1, Secs. B(1) and (2). To hold the ordinance a vain and futile act is not only to go against the oft-repeated rule above stated but wholly disregards the clearly stated title, art. 1, Sec. A, art. 2 providing that consent of inhabitants of annexed territory is not required and election therein will not be held, art. 3 declaring that the "annexed territory" shall be a part of the City of Port Arthur "for all purposes"; wholly disregards the Savings Clauses (art. 4), which indicate caution to uphold the ordinance in every respect legally possible. We cannot give our consent to so hold.

If literal meaning is given the provisions of art. 1, Sec. C—the excluding clause—then not only the area described as being annexed in subsections (1) and (2) of Sec. B is excepted or de-annexed, but since subdivisions (a) and (b) of subsection (2) are a part of this subsection, we come to the anomalous and self-contradictory result of excepting not only the area annexed but the parts excepted in subdivisions (a) and (b). Manifestly Section C of art. 1, through inadvertence, described the excepted areas as art. 1, Section B(1) and (2) instead of art. 1, subdivisions (a) and (b) of Section (2). This is made still clearer when we examine the language of Section C that the areas are excluded as fully as if they had been "Expressly described" and excepted from the annexed territory. Now, subsections (1) and (2) "expressly describe" the annexed area while subdivisions (a) and (b) of subsection (2) use only very general terms excluding (a) "any" land or area already within the City limits and (b) "any" land or area which the City could not exercise jurisdiction in. The construction put upon the ordinance by appellants make Secs. B and C of art. 1 flatly contradict and destroy each other. If it is so read, the result is really nonsense. To avoid this, it is our duty to so construe the ordinance as

to uphold it, if this can reasonably be done, and effect should be given to substance rather than form. Beene v. Bryant, Tex. Civ.App., 201 S.W.2d 268; Ex parte Copeland, 130 Tex.Cr.R. 59, 91 S.W.2d 700; Chambers v. State, 25 Tex. 307; Cabell v. Markham, 2 Cir., 148 F.2d 737. Our construction of the ordinance comports with the announced rule and the authorities cited. Our construction also supports the rule that a proviso or exception in a statute should never be construed so as to destroy its main provisions. Dunn v. Bryan, 77 Utah 604, 299 P. 253; 39 Tex.Jur., Sec. 148, p. 277.

Since we have upheld Ordinance No. 2535 as validly annexing the disputed area to the City of Port Arthur, appellants' 3rd point complaining of the action of the trial court in sustaining other exceptions to their pleadings becomes immaterial.

The judgment of the trial court is affirmed.