335 P.2d 629

**STATE of Utah, Respondent,**

v.

**Albert Edmund BARLOW, Appellant.**

No. 8533.

Supreme Court of Utah.

Feb. 24, 1959.

398

Sumner J. Hatch, Salt Lake City, for appellant.

E. R. Callister, Jr., Atty. Gen., Keith Roger Bean, Asst. Atty. Gen., for respondent.

McDONOUGH, Justice.

Defendant appeals from a conviction of unlawful cohabitation, in violation of Sec. 2, Chap. 53, Title 76, Utah Code Annotated.[1] Previously, in 1944, he had been convicted of the same offense with the same women,[2] and had been paroled, with an admonition from the Board of Pardons as to his duty to support his many children. In 1955 the county attorney again charged the defendant with the crime of unlawful cohabitation between April 30, 1952, and October 31, 1955. Defendant assails the conviction on the following grounds: (1) that the information a) failed to charge an offense because the statute is ambiguous, or b) charged more than one offense, permitting a verdict that might have been arrived at by less than all the jurors; (2) that it was error to deny a challenge for cause directed to one of the jurors; (3) the court failed to give instructions properly defining "cohabitation"; (4) evidence erroneously was admitted because a) it was beyond the period within which the offense allegedly was committed and was b) hearsay and conclusion evidence; and (5) that the evidence was insufficient to support the conviction.

1. "If any person cohabits with more than one person of the opposite sex, such person is guilty of a felony."

2. State v. Barlow, 1944, 107 Utah 292, 153 P.2d 647.

■ As to (2): we conclude there was no showing made that would justify the disqualification of the juror since, after examining him, it appears that his mind was free from prejudice or predilection.

■ As to (5): we are convinced that the evidence was sufficient to sustain the conviction, if the other errors assigned were not such as to require reversal as being prejudicial. Those errors we will take up hereinafter.

There is evidence that after defendant's 1944 conviction, when the first opportunity afforded, he continued to see all three women at separate homes, and had a child by each of two of them. His conduct showed a pattern of living with all three concurrently during the period, although at separate homes and of course not at identical times. In the nature of things, to cohabit with more than one woman at the same time connotes a continuing pattern of doing those things involved in the sustaining with more than one woman a marital relationship of the nature a man ordinarily sustains with but one lawful wife. The evidence here showed a frequency of association and a course of conduct that pointed to a renewed and continued sharing of bed and board with the three women, being the same principals that played roles in the previous conduct leading to defendant's prior conviction.

■■ To the contention 1a) above that the statute is ambiguous, it is same one that led to defendant's first conviction, which stood the test of clarity there. To the contention 1b) above, to-wit, that defendant was charged with more than one offense such that a verdict was possible without unanimity of the jurors, we cannot subscribe. The court instructed that to find defendant guilty, the jury must believe beyond a reasonable doubt that he cohabited with more than one person of the opposite sex, to-wit: with M.O., A.K.K. and V.F.,—clearly implying that the jury was to find he cohabited with all three in order to convict. It is true that in another instruction the jury was told that defendant would not be guilty unless they found he cohabited with any two or more of the three women. Such instruction, it might be argued, could result in less than a unanimous verdict, since some jurors might have concluded defendant may have lived with M.O. and A.K.K. but not with V.F., and other jurors may have arrived at some other combination of cohabitation. However, in the light of the plain wording of the information and the instruction first above mentioned, and in view of the fact that defendant asked for no clarifying instructions, we feel that not only was the jury not misled by the later instruction but that defendant is in no position to urge error on that score on the occasion of this appeal.

■ As to (3): that the court did not properly define "cohabitation" in its instructions Nos. 3 and 5, since they were negative in character, we find no merit. The instructions were as follows:

"If any person cohabits with more than one person of the opposite sex, such person is guilty of a felony"; and

"You are instructed that the gist of the offense charged of unlawful cohabitation is proved by facts showing a course of conduct upon the part of defendant, with more than one person of the opposite sex, that to all outward appearances convinces beyond a reasonable doubt that the parties are living together as husband and wife, and that holding more than one woman out to the world as his wife is sufficient to constitute the offense."

These instructions, considered together as they should be, are sufficiently clear and understandable as to give no cause for confusion.

■ As to (4), there are several claimed errors relating to the admission of evidence: the first relates to birth certificates and school census cards listing defendant as the father of the children, the latter referring to dates of birth prior to the period charged. These are public records required by law to be kept. They are admissible under Sec. 78-25-3, which reads:

"Entries in public or other official books or records, made in the performance of his duty by a public officer of this state or by any other person in the performance of a duty specifically enjoined by law, are prima facie evidence of the facts therein stated."

It is true that such records may not represent the facts because of mistake or falsification, and are subject to explanation. But they are admissible to show that such public records exist and their contents. The point that they reflected events prior to the crime charged is without merit for two reasons: the trial court ordered such data stricken and disregarded; and defendant's counsel later waived objection to them.

■ In regard to the birth certificates, in addition to the above observation, this further is to be said: Dr. Carl Andreasen testified that he attended the birth of a child of one of the alleged wives, M.O., and filled in the certificate that the defendant was the father from information obtained "from people present during the birth of the child * * * the defendant and M.O. * * * I couldn't say whether the man or the woman * * * gave it to me." Even if the defendant himself did not furnish the information, his failure to object under the circumstances becomes an

implied admission and is therefore competent evidence against him.[3]

■ Another claim of admitting improper evidence relates to declarations of one of the children that defendant was her father. This was admissible as a declaration as to pedigree, or family history, indicating the child's own idea as to her family relationship, which is a well recognized exception to the hearsay rule.[4]

■ The final one of such errors concerns the statements of two other witnesses about defendant's relationship to the alleged wives and children based upon conversations which they had overheard which are claimed to be hearsay to the defendant. The witnesses did not purport to be testifying to the truth of the statements made in such conversations, but simply that they heard such statements made. They related to the matter of repute as to family relationship and we do not see that it was error to so receive them. In any event, in view of all of the other evidence their admission could not have been prejudicial to the defendant.

Affirmed. No costs awarded.

CROCKETT, C. J., and WORTHEN and HENRIOD, JJ., concur.

WADE, J., concurs in the result.

3. Beck v. Dye, 200 Wash. 1, 92 P.2d 1113, 127 A.L.R. 1022; Ruth v. Rhodes, 66 Ariz. 129, 185 P.2d 304; McCormick, Evidence, p. 528.

4. See Wigmore 3rd Ed., Secs. 1788 and 1789.