**METROPOLITAN LIFE INSURANCE COMPANY, a corporation, Appellant,**

v.

**Clothiel C. BUTTE, Appellee.**

**No. 7464.**

United States Court of Appeals
Tenth Circuit.

June 8, 1964.

by the appellant company upon the life of Harry J. Butte and containing a provision that the benefits thereof were not payable if the death of the insured resulted from suicide occurring within two years from the date of issuance of the policy. Mr. Butte died within the two-year period and the controversy was submitted to the trial court upon the single issue of whether or not Mr. Butte was a suicide.[1] The court made no specific finding on the issue but rendered judgment for the appellee-plaintiff because the "defendant failed to prove that the deceased Harry J. Butte committed suicide."

■■ The undisputed evidence shows that Mr. Butte was found dead in his closed garage lying in the front seat of his car, head pillowed upon his suit coat, the ignition of the car on, the car windows down, and a broken window in the garage stuffed with burlap. The garage contained exhaust fumes and the body bore no external marks. To supplement the strong inferences of these circumstances, appellant offered in evidence the official death certificate of the deceased, certified by the City Physician of Salt Lake City, containing the entry that Mr. Butte died a suicide as the result of carbon monoxide poisoning. The offer was refused. The refusal was error in view of the Utah statutory law making such a document prima facie evidence of the facts therein stated. 78–25–3, 78–25–4, U.C.A.1953; 26–15–17, U.C.A.1953, 1963 Supp. And see State v. Barlow, 8 Utah 2d 396, 335 P.2d 629, 631. The

C. Keith Rooker, Salt Lake City, Utah (Van Cott, Bagley, Cornwall & McCarthy, Grant H. Bagley and Clifford L. Ashton, Salt Lake City, Utah, with him on the brief), for appellant.

Robert D. Moore, Salt Lake City, Utah (Elton & Moore, Salt Lake City, Utah, on the brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

PER CURIAM.

■ This is a diversity suit premised upon a policy of life insurance issued

1. This single issue was set by pre-trial order. Much of appellant's argument and brief has been devoted to the contention that the trial court denied a motion, made ninety days before trial, to amend the pre-trial order to include appellant's claim that the insurance policy had lapsed for nonpayment of premium. A full tender of proof in such regard was made at trial and refused by the court. Were we to accept appellant's premise of this procedural background we have no doubt but that the trial court's ruling would constitute a patent abuse of that court's discretion. However the record shows only that a motion to amend was made, argued and subsequently denied on the morning of the trial. Nowhere does the subject matter of the motion appear. We cannot accept counsel's statement as to what was actually presented and argued to the court nor give relief upon a claim of error that does not clearly reflect in the record. The completeness of an appellate record is the responsibility of counsel. Since our disposition of the appeal does not depend upon this aspect of the case we note it only because of the disturbing frequency with which similar arguments are made to this court upon matters arising in the District of Utah.

court also struck from the record the testimony of a mortician who described the color and condition of the deceased's body and blood which is relevant evidence as a premise for expert medical opinion as to the cause of death. The witness stated upon direct examination that he was testifying from memory and upon cross-examination that the basis of his testimony was notes entered at the time of service. Further examination by counsel to rehabilitate the witness upon re-direct was refused as an attempt to impeach his own witness and the testimony was stricken. This, too, was error. Other claims of error made by appellant are without merit.

The judgment is reversed with directions to grant a new trial.