*This opinion is subject to revision before final publication in the Pacific Reporter*

**2013 UT 28**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

STATE OF UTAH,
*Plaintiff and Respondent,*

*v.*

ANTHONY WATKINS,
*Defendant and Petitioner.*

No. 20110458
Filed May 10, 2013

On Certiorari to the Utah Court of Appeals

Eighth District, Vernal Dep't
The Honorable John R. Anderson
No. 081800579

Attorneys:

John Swallow, Att'y Gen., Jeanne B. Inouye, Asst. Att'y Gen.,
Salt Lake City, for respondent

Michael K. Mohrman, Mitchell S. Maio, Jamie G. Pleune,
Salt Lake City, for petitioner

JUSTICE PARRISH authored the opinion of the Court, in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE NEHRING,
JUSTICE DURHAM, and JUSTICE LEE joined.

JUSTICE PARRISH, opinion of the Court:

## INTRODUCTION

¶1 Anthony Watkins was convicted of aggravated sexual abuse of a child, H.C. His conviction was based on the holding that he occupied a "position of special trust in relation to the victim" under Utah Code section 76-5-404.1(4)(h). Because Mr. Watkins was temporarily staying in the spare bedroom of H.C.'s father's house, the district court and the court of appeals both held that he was an "adult cohabitant of a parent [of the victim]." *Id.*; *State v. Watkins*, 2011 UT App 96, ¶ 16, 250 P.3d 1019. The position of "adult cohabitant of a parent" is one of several positions specifically referenced in section 76-5-404.1(4)(h). The question before us is whether Mr. Watkins's status as an "adult cohabitant" of H.C.'s

father was sufficient, as a matter of law, to support the conclusion that he occupied a "position of special trust in relation to [H.C.]."

¶2   We vacate Mr. Watkins's conviction and remand the case for further proceedings.  The fact that a defendant occupies one of the positions listed in section 76-5-404.1(4)(h), such as "adult cohabitant of a parent," is insufficient, standing alone, to aggravate the crime of sexual abuse of a child.  Rather, to establish that a defendant occupies a "position of special trust in relation to the victim," the State must establish that the defendant occupies "a position of authority" in relation to the victim and must further establish that "by reason of that position [the defendant] is able to exercise undue influence over the victim."  *Id.* § 76-5-404.1(4)(h).

## BACKGROUND

¶3   In September of 2008, Mr. Watkins temporarily moved in with his niece, Tristan Schoenberger; her husband, Joe Schoenberger; and their family.  The Schoenbergers had three children of their own living in the home.  In addition, Mr. Shoenberger's daughter from a prior relationship, H.C., regularly visited and stayed overnight on at least two occasions while Mr. Watkins was present.

¶4   During Mr. Watkins's stay, the Schoenbergers told their children to call Mr. Watkins "Uncle Tony."  But H.C. testified that she simply called him "Tony," not understanding how he fit into the family.  Though Mr. Watkins watched the children on at least one occasion and would speak up if he saw the children doing something inappropriate, Mrs. Shoenberger testified that Mr. Watkins did not have a formal role in the daily operations of the family.

¶5   On approximately October 15, 2008, H.C. stayed over at the Schoenbergers.  After H.C. and her brothers had gone to bed in H.C.'s room, Mr. Watkins came into the room and lay down next to H.C.  Mr. Watkins then "started kissing [H.C.'s] head and kind of pinching [her] butt."  H.C. "told him to leave" and when he did not, "[she] got mad and told him to leave again," at which point Mr. Watkins left the room.

¶6   Later, "[Mr. Watkins] came back in and gave [H.C. a] $100 bill and told [her] not to tell anybody."  While H.C. told her father about the one hundred dollar bill the next morning, she did not tell him about the rest of the incident until a few weeks later.

¶7   The State charged Mr. Watkins with aggravated sexual assault of a child under Utah Code section 76-5-404.1(4)(h).  *State v. Watkins*, 2011 UT App 96, ¶ 5, 250 P.3d 1019.  The State asserted that

Mr. Watkins's status as an "adult cohabitant of a parent" constituted an aggravating factor because he occupied a "position of special trust" under section 76-5-404.1(4)(h). *Id.*

¶8 The case was tried to a jury. At the close of the State's case, Mr. Watkins moved for dismissal, arguing that the State had failed to satisfy the statutory elements of aggravated sexual abuse of a child under Utah Code section 76-5-404.1(4)(h) because it had failed to demonstrate that Mr. Watkins occupied a "position of special trust" in relation to H.C. and that under Utah Code section 76-5-401.1(2), he had not acted with the "intent to arouse or gratify the sexual desire of any person." *Id.*

¶9 The district court denied Mr. Watkins's motion to dismiss and concluded that "the position of trust was simply indicated by a mature adult and a 10-year-old child who had lived in the same home" and that the jury should decide the issue of intent. *Id.* (internal quotation marks omitted). The jury convicted Mr. Watkins as charged. *Id.*

¶10 Prior to sentencing, Mr. Watkins filed a motion for a new trial, asserting in part the same theories he had raised in his motion to dismiss. The district court denied the motion and sentenced Mr. Watkins to a prison term of ten years to life.

¶11 Mr. Watkins appealed the denial of his motions to dismiss and for a new trial to the court of appeals. *Id.* ¶¶ 7–8. Mr. Watkins argued, among other things, that he was not in a "position of special trust" in relation to H.C. and could not therefore have used such a position to exert undue influence over her. *Id.* ¶¶ 9, 11 n.5.

¶12 The court of appeals rejected Mr. Watkins's argument, holding that Mr. Watkins held a "position of special trust" under its interpretation of section 76-5-404.1(4)(h). *Id.* ¶ 9. It ruled:

> [A] position of special trust may be established in two ways:
>
>> either by occupying a position specifically listed by statute or by fitting the definition of a position of special trust, which the statute clearly defines as a position occupied by a person in a position of authority, who, by reason of that position is able to exercise undue influence over the victim.

*Id.* ¶ 11 (footnote omitted) (internal quotation marks omitted). Because Mr. Watkins was a cohabitant of H.C.'s father, a position specifically listed in the statute, the court of appeals concluded that

he held a "position of special trust" in relation to H.C. as a matter of law. *Id.* ¶ 16. And it rejected Mr. Watkins's argument that the temporary nature of his residence with H.C.'s father was relevant. *Id.* ¶.

¶13 On certiorari, Mr. Watkins argues that the court of appeals erred in its interpretation of section 76-5-404.1(4)(h). Specifically, he contends that the court erred when it held that proof of Mr. Watkins's position as a cohabitant of H.C.'s father created an irrebuttable presumption that Mr. Watkins both occupied a "position of authority, [and], by reason of that position [was] able to exercise undue influence over the victim." UTAH CODE § 76-5-404.1(4)(h).

¶14 We granted certiorari and have jurisdiction pursuant to Utah Code section 78A–3–102(3)(a).

## STANDARD OF REVIEW

¶15 On certiorari, we review the decision of the court of appeals for correctness. *State v. Visser*, 2000 UT 88, ¶ 9, 22 P.3d 1242. Likewise, a question of statutory construction is reviewed for correctness and we accord no deference to the legal conclusions of the court of appeals. *State v. Martinez*, 2002 UT 80, ¶ 5, 52 P.3d 1276.

## ANALYSIS

### I. THE PLAIN LANGUAGE OF UTAH CODE SECTION 76-5-404.1(4)(h) PRESENTS THREE POSSIBLE INTERPRETATIONS THAT AFFECT ITS APPLICATION TO MR. WATKINS

¶16 Utah Code section 76-5-404.1 articulates the elements of sexual abuse of a child. Under subsection (4)(h), the crime of sexual abuse of a child is aggravated if "the offense was committed by a person who occupied a *position of special trust* in relation to the victim." UTAH CODE § 76-5-404.1(4)(h) (emphasis added). Subsection (4)(h) states that a

> "position of special trust" means that position occupied by a person in a position of authority, who, by reason of that position is able to exercise undue influence over the victim, and includes, but is not limited to, a youth leader or recreational leader who is an adult, adult athletic manager, adult coach, teacher, counselor, religious leader, doctor, employer, foster parent, baby-sitter, adult scout leader, natural parent, stepparent, adoptive parent, legal guardian, grandparent, aunt, uncle, or *adult cohabitant of a parent*.

*Id.* (emphasis added).

¶17 Mr. Watkins argues that the court of appeals erred when it held that he occupied a "position of special trust" based solely on the fact that he occupied the enumerated position of "adult cohabitant of a parent of the victim." Specifically, Mr. Watkins argues that the State was required to show both that he occupied a "position of authority" over H.C. and, "by reason of that position [wa]s able to exercise undue influence over [her]." The State responds that

> proof that a person occupies one of the statute's twenty listed positions in relation to a child, including the position of "adult cohabitant of a parent," is, as a matter of law, proof that he stands in a position of authority, by which means he has the capacity to exercise undue influence over the child.

¶18 "When interpreting statutes, our primary goal is to evince the true intent and purpose of the Legislature." *State v. Martinez*, 2002 UT 80, ¶ 8, 52 P.3d 1276 (internal quotation marks omitted). In doing so, "[w]e first interpret the statute according to its plain language." *Wilcox v. CSX Corp.*, 2003 UT 21, ¶ 8, 70 P.3d 85. Here, the statute reveals three possibilities as to the legal significance of a finding that a defendant occupied the position of an "adult cohabitant of a parent." Specifically, the statute raises a question of whether the enumerated positions are "position[s] of special trust" or "position[s] of authority." UTAH CODE § 76-5-404.1(4)(h). This question leads to three possible interpretations of the statute that impact the elements of the crime of which Mr. Watkins was convicted.

¶19 The first possible interpretation of the statute is advocated by the State and was adopted by the district court and the court of appeals. Under this interpretation, the fact that a defendant occupies an enumerated position is the legal equivalent of proof both that the defendant occupies a "position of authority" and, "by reason of that position is able to exercise undue influence over the victim." Under this reading of the statute, a finding that the defendant was an "adult cohabitant of a parent" would constitute proof that the defendant occupies a "position of special trust." Thus, to aggravate a defendant's sexual abuse of a child, the State need prove only that the defendant occupies an enumerated position "in relation to the victim." *Id.*

¶20 A second possible interpretation of section 76-5-404.1(4)(h) is that a defendant's occupation of an enumerated position establishes only that the defendant occupies a "position of authority." Under this interpretation, to establish that a defendant occupies a "position of special trust," the State would be required to prove both that (1) the defendant occupies a position of authority (whether enumerated or not) in relation to the victim, and (2) the defendant, by reason of that position, "is able to exercise undue influence over the victim." *Id.*

¶21 A third possible interpretation of the statute is the one advanced by Mr. Watkins. Under his proposed interpretation, the list of enumerated positions is merely illustrative of positions that are likely to fulfill the requirements of the aggravating statute. Thus, the occupation of such a position does not absolve the State of its burden to prove that the defendant met underlying elements of section 76-5-404.1(4)(h), namely that (1) the defendant actually occupies a position of authority in relation to the victim, and (2) by means of that position is able to exercise undue influence over the victim. *Id.*

## II. BASED ON A TEXTUAL ANALYSIS OF THE STATUTE AND REFERENCE TO LEGISLATIVE HISTORY, THE POSITIONS LISTED IN UTAH CODE SECTION 76-5-404.1(4)(h) ARE POSITIONS "OCCUPIED BY A PERSON IN A POSITION OF AUTHORITY"

¶22 Having identified the possible interpretations of the statute, we now assess their reasonableness to determine if the statute is ambiguous. A statute is ambiguous only "if it is *reasonably susceptible* of different interpretations." *Grant v. Utah State Land Bd.*, 485 P.2d 1035, 1037 (Utah 1971) (emphasis added).

¶23 In interpreting statutes, "our primary objective is to ascertain the intent of the [L]egislature." *Summit Operating, LLC v. Utah State Tax Comm'n*, 2012 UT 91, ¶ 11, 293 P.3d 369 (internal quotation marks omitted). "Because the best evidence of the [L]egislature's intent is the plain language of the statute itself, we first look to the plain language of the statute." *Id.* (footnote omitted) (internal quotation marks omitted). In addition, we "interpret[] statutes to give meaning to all parts, and avoid[] rendering portions of the statute superfluous." *Id.* (second and third alternations in original) (internal quotation marks omitted).

¶24 "[W]hen statutory language is ambiguous—in that its terms remain susceptible to two or more reasonable interpretations

after we have conducted a plain language analysis—we generally resort to other modes of statutory construction and seek guidance from legislative history . . . ." *Marion Energy, Inc. v. KFJ Ranch P'ship*, 2011 UT 50, ¶ 15, 267 P.3d 863 (internal quotation marks omitted); *see also Wilcox v. CSX Corp.*, 2003 UT 21, ¶ 12, 70 P.3d 85 (where statutory ambiguity exists "it is . . . proper to look to legislative history and policy considerations for guidance in our statutory interpretation"); *Martinez v. Media-Paymaster Plus/Church of Jesus Christ of Latter-Day Saints*, 2007 UT 42, ¶ 47, 164 P.3d 384 ("[I]f the language is ambiguous, the court may look beyond the statute to legislative history . . . to ascertain the statute's intent.").

### A. Mr. Watkins's Proposed Interpretation is Unreasonable Because it Does not Comport with the Statute's Plain Language

¶25 Mr. Watkins contends that we should interpret the enumerated positions as "illustrative, not definitive," of positions that might place a defendant in a "special position of trust." But such an interpretation neither comports with the plain language of the statute nor "give[s] meaning to all parts [of the statute]." *Summit Operating*, 2012 UT 91, ¶ 11 (internal quotation marks omitted).

¶26 The statute reads in relevant part: "'[P]osition of special trust' means that position occupied by a person in a position of authority, who, by reason of that position is able to exercise undue influence over the victim, and *includes, but is not limited to . . .* [an] adult cohabitant of a parent." UTAH CODE § 76-5-404.1(4)(h) (emphasis added).

¶27 The statutory language clearly states that the list of enumerated positions was meant to include, and not simply to illustrate, positions that are, as a matter of law, "position[s] of authority" or "position[s] of special trust." Thus, Mr. Watkins's suggested interpretation that the enumerated positions were not intended to comprise part of the legal definition of an aggravating factor contradicts the plain language of the statute. We therefore reject it.

### B. The Other Possible Interpretations of Utah Code Section 76-5-404.1(4)(h) are Both Reasonable Interpretations of the Statutory Text

¶28 The State's proposed interpretation equates proof that a defendant occupied an enumerated position with proof that the defendant occupied a "position of special trust." The State asserts that the Legislature intended that, as a matter of law, a defendant who occupies an enumerated position both (1) occupies a "position

of authority" and (2) has the ability to "exercise undue influence." While we find this to be a plausible interpretation, it is not the only plausible interpretation, and we conclude that the other plausible interpretation is most consistent with the statutory text and legislative history.

¶29 When undertaking statutory interpretation, "we do not view individual words and subsections in isolation; instead, our statutory interpretation requires that each part or section be construed in connection with every other part or section so as to produce a harmonious whole." *Summit Operating*, 2012 UT 91, ¶ 11 (internal quotation marks omitted). Thus, we assume that the Legislature intended for the statute, as a whole, to be read in harmony. Determining which plausible statutory interpretation evinces the Legislature's intent can therefore be accomplished by comparing possible interpretations of the ambiguous language with the accompanying unambiguous statutory language.

¶30 The plain language of the statute creates an enhanced penalty for perpetrators who both occupied a "position of authority" and had the ability to "exercise undue influence" over their victims. UTAH CODE § 76-5-404.1(4)(h).[1] "[W]e presume that the Legislature used each term advisedly, and we endeavor to] give effect to each term . . . ." *Versluis v. Guar. Nat'l. Cos.*, 842 P.2d 865, 867 (Utah 1992).

---

[1] For instance, in *State v. Tanner*, a school bus driver was convicted of aggravated sexual abuse of a child under Utah Code section 76-5-404.1(4)(h), even though a school bus driver is not listed as an enumerated position. 2009 UT App 326 ¶ 13, 221 P.3d 901. Despite the fact that the defendant did not occupy an enumerated position, the State demonstrated that, as a bus driver, (1) the defendant occupied a position of authority in relation to the victim, and (2) that because of his position the defendant was able to exercise undue influence over the victim. *Id.* ¶ 18–20.

Similarly, in *State v. Beason*, a step-grandparent was convicted of aggravated sexual abuse of a child under a former version of Utah Code section 76-5-404.1(4)(h). 2000 UT App 109, ¶ 1, 2 P.3d 459. At the time, neither a grandparent nor a step-grandparent were enumerated positions under the statute. *Id.* ¶ 17. However, the court held that a defendant could be convicted of aggravated sexual abuse of a child if the State could demonstrate that the defendant (1) occupied a position of authority, and (2) by reason of that position is able to exercise undue influence over the victim. *Id.* ¶ 20.

¶31 The State's proposed interpretation is based on the premise that the final clause of section 76-5-404.1(4)(h), which states that it "includes . . . adult cohabitant of a parent," modifies the statute's initial clause. Under the State's interpretation, the initial clause, which states that "the offense was committed by a person who occupied a position of special trust in relation to the victim" is modified by the enumerated list. But these two clauses are separated by two other clauses, one of which states that a "'position of special trust' means that position occupied by a person in a position of authority." UTAH CODE § 76-5-404.1(4)(h). It is also a reasonable interpretation that the enumerated list was intended to modify the clause regarding a "position of authority," rather than the phrase "position of special trust." And this interpretation is consistent with the statutory text, inasmuch as positions such as an "adult athletic manager, adult coach, teacher, counselor, religious leader, doctor, [and] employer" are all positions of authority, but not necessarily positions of special trust in which the perpetrator is able to exercise undue influence over the victim.

¶32 We can conceive of many situations in which a perpetrator might occupy an enumerated position of authority but still be unable to exercise undue influence over the victim. For example, listed among the enumerated positions is the position of "natural parent." *Id.* In the case of adoption, birth parents do not cease to be "natural parents." In many situations, however, the child's birth parents have no contact with the child; thus, they have no opportunity to exercise *any* influence over the child, much less undue influence. Under the State's proposed interpretation, however, the child's birth parents could still be convicted under section 76-5-404.1(4)(h), as "natural parents." Such may also be the case with estranged relatives, doctors who care for children in limited capacities, or religious leaders at higher levels of a religious hierarchy whom the victim does not recognize from his religious or leadership capacity. Here, while Mr. Watkins may have occupied one of the enumerated

positions,[2] he still may have lacked any capacity to exercise undue influence over H.C.

¶33 We also find it significant that the Legislature chose to include the list of enumerated positions within a subsection enhancing the penalty for those who both occupied a "position of authority" and were "able to exercise undue influence." UTAH CODE § 76-5-404.1(4)(h). Had the Legislature intended to enhance the sentence for all perpetrators who occupied each of the enumerated positions, it could have included a separate subsection stating that defendants who occupied certain positions could be convicted as a matter of strict liability. It chose not to do so. And the language specifying the underlying elements of a "position of special trust" would be rendered superfluous with regards to the majority of defendants if a perpetrator's occupation of an enumerated position were sufficient, standing alone, to subject him to the enhanced penalty.

---

[2] In the instant case, the jury instructions incorporated the definition of cohabitant found in the Cohabitant Abuse Act, Utah Code section 78B-7-102(2), and informed the jury that Mr. Watkins was a cohabitant of Mr. Schoenberger if he was "related by blood or marriage to [Mr. Schoenberger]" or he "resides or has resided in the same residence as [Mr. Schoenberger]." *State v. Watkins*, 2011 UT App 96, ¶ 12, 250 P.3d 1019 (internal quotation marks omitted). It is worth noting that the Cohabitant Abuse Act's definition of cohabitation has been specifically rejected by case law in other contexts. *See, e.g.*, *Haddow v. Haddow*, 707 P.2d 669, 672 (Utah 1985) (stating, in a case to determine appropriate alimony payments, that cohabitation includes two elements: "the sharing of a common abode" and a "relatively permanent sexual relationship akin to that generally existing between husband and wife"); *State v. Barlow*, 335 P.2d 629, 631 (Utah 1959) (stating, in prosecuting bigamy, that cohabitation is "living together as husband and wife" (internal quotation marks omitted)). Thus, counsel's failure to dispute the jury instruction's definition of a cohabitant raises possible concerns about his effectiveness.

*C. Our Determination that the Enumerated Positions in Utah Code Section 76-5-404.1(4)(h) are Positions "Occupied by a Person in a Position of Authority" is Consistent with Legislative History*

¶34 Having identified two reasonable interpretations of the statutory text, we conclude that the statute is ambiguous. "Where [statutory] text leaves room for more than one interpretation . . . , the legislative history may be consulted to the extent it informs the prevailing understanding of the ambiguous words of the statute at the time of its enactment." *J.M.W. v. T.I.Z, (In re adoption of Baby E.Z.)*, 2011 UT 38, ¶ 112, 266 P.3d 702. Here, the legislative history is particularly relevant because it directly addresses the competing interpretations of section 76-5-404.1(4)(h).

¶35 In 1998, section 76-5-404.1(4)(h) was amended to expand the list of enumerated positions and to add the position of "an adult cohabitant of a parent." 1998 Utah Laws 418. During the legislative process, the Attorney General's office weighed in as to its understanding of the Legislature's intent regarding the statute and the State's burden in applying the proposed amendment. In a memorandum to the Legislature, the Attorney General's office stated that even if a defendant occupied one of the enumerated positions, "the prosecution must prove not just that the defendant occupied such a position, but that such person 'by reason of that position is able to exercise undue influence over the victim.'" Memorandum from Rob Parrish, Asst. Att'y Gen., to Utah State Legis., *Explanation of House Bill 267 - Sex Abuse of a Child* (undated).

¶36 In addition, the legislative history reveals correspondence between the Attorney General's Office and the Legislative General Counsel's Office as to whether "to simply end subsection (h) with the phrase 'is able to exercise undue influence over the victim'" or to "list all the *possible* persons to which this [statute] *might* apply." E-mail from Rob Parrish, Asst. Att'y Gen., to Janetha Hancock (Nov. 24, 1997, 1:48 PM) (emphasis added). This correspondence further suggests that the Legislature's intent was to punish those who both occupied "position[s] of authority" *and* by virtue of those positions, possessed the ability to "exercise undue influence." Absolutely nothing in the legislative history suggests that the Legislature's intent was to create strict liability for all who occupy one of the enumerated positions.

¶37 The Attorney General's memorandum to the Legislature clearly contradicts the interpretation of the statute proffered by the

State and adopted by the district court and the court of appeals. Rather, it lends support to our conclusion that the enumerated positions refer to those who occupy "position[s] of authority"—not to those who occupy positions of special trust or to those who are necessarily in positions where they are "able to exercise undue influence over the victim." UTAH CODE § 76-5-404.1(4)(h).

¶38  In short, the legislative history coincides with the language of the statute and supports the conclusion that the Legislature intended to aggravate child sexual abuse only in those cases where the perpetrator occupied both a "position of authority" and was "able to exercise undue influence" in relation to the victim. *Id.*[3]

## CONCLUSION

¶39  Proof that a defendant occupies one of the enumerated positions under Utah Code section 76-5-404.1(4)(h) suffices to establish only that the defendant occupied a "position of authority." But for the State to establish aggravated sexual abuse of a child under subsection (4)(h), it must prove both that the defendant occupied a "position of authority" over the victim and that the position gave the defendant the ability to "exercise undue influence" over the victim. Because the lower courts did not require the State to establish both elements, we vacate Mr. Watkins's conviction and remand for further proceedings consistent with this opinion.

---

[3] Our conclusion that the State is required to prove both that the defendant occupied a position of authority and was able to exercise undue influence over the victim likewise accords with the rule of lenity. The rule of lenity applies "when, after consulting traditional canons of statutory construction, we are left with an ambiguous statute," *United States v. Shabani*, 513 U.S. 10, 17 (1994), and "prescribes the narrow construction of ambiguous penal laws against the state." *Marion Energy, Inc. v. KFJ Ranch P'ship*, 2011 UT 50, ¶ 44, 267 P.3d 863 (Lee, J., dissenting).