*1086 Opinion
Judge:
{1 Appellant Rychelle Mary Hawker (De'fendant) conditionally pled guilty to possession of a controlled substance, a third degree felony, and sexual solicitation, a class A misdemeanor. See Utah Code Ann. §§ 58-87-8, 76-10-1813 (LexisNexis 2012).[1] She conditioned her plea on the right to appeal a rulmg by the district court, which concluded as a matter of law that the sexual solicitation statute proscribed the conduct at issue. Defendant now exercises that right of appeal, and we reverse.
BACKGROUND - "
12 A detective came across an internet advertisement for escort services that showed a "scantily dressed" woman "in seductive pos[es]" The detective called the number on the ad and spoke to Defendant, asking her to meet him at a motel: He also requested that Defendant wear a short skirt with no underwear and "perform with [a] sex toy" while he "watch{ed]." Defendant agreed to engage in the requested conduct for $250 for thirty minutes or $800 for one hour. She also asked that the caller "pitch in a little bit for gas money" and told him he could "tip for whatever it was worth" to him.
18 When Defendant arrived in the motel parking lot, the caller introduced himself, informed the Defendant that he was a detective, and arrested Defendant for agreeing to "masturbat{e] with a sex. toy for money." The detective informed her that he was going to retrieve from her car the bag that purportedly contained the "toys" he had asked her to bring, and Defendant warned him that there were syringes in the' car, including one * the bag that was loaded with heroin." The detective retrieved 'the bag and later testified, "I found a sex toy ... and then I found the syringe that was loaded which field tested positive for heroin."
«[ 4 Defendant was charged with possession of a controlled substance and sexual solicitation.[2] She briefed the district court on the ques’mon of "whether the conduct at issue constituted a violation of the statute, as a matter of law." After briefing and oral argument, the district court interpreted Utah Code section 76-10-1318 to mean that "a person agreeing to masturbate so that another may watch, for pleasure and in exchange for money, is participating in a sexual activity with that person." Defendant subsequently entered "a conditional [guilty] plea with full right of appeal reserved. If sex solicitation is overturned, [the] State will move to dismiss [the] drug charge also." This appeal followed.
ISSUE AND STANDARD OF REVIEW
€ 5 The only question decided in this opinion is whether Defendant's conduct violates the sexual solicitation statute, as a matter of law.[3] See Utah Code Ann. § 76-10-1318 *1087 (LexisNexis 2012). "This is essentially an issue of statutory construction that we review for correctness, according. no particular deference to the trial court." State v. Mecham, 2000 UT App 247, ¶ 20, 9 P.3d 777.
ANALYSIS
~ 16 Critical to our analysis is the text of two statutory provisions, section 76-10-1818, which outlines the elements of sexual solicitation, and section 76-10—1301 which defines "sexual activity." The first reads, in pertinent part, as follows:
(1) A person is guilty of sexual solicitation when the person:
(a) offers or agrees to commit any sexual activity with another person for a fee;
(b) pays or offers or agrees to pay a fee to another person to commit any sexual activity; or
(c) with intent to engage in sexual 3.0th-ity for a fee or to pay another person to commit any sexual activity for a fee engages in, offers or agrees to engage in, or requests or directs another to engage in any of the following acts:
[[Image here]]
G) masturbatlon
Utah Code Ann. § 76-10-1813 (LemsNems 2012). The second provision reads, " Sexual activity' means acts of masturbation, sexual intercourse, or any sexual act involving the genitals of one person and the mouth or anus of another person, regardless of the sex of gither participant." Id. § 76-10-1801(4).
¶ 7 The State contends that Defendant violated section 76-10-1818(1)(a) because she agreed to commit sexual activity-masturbation-with the detective watching, for a fee. See id. § 76-10-1318(1)(a), The State - argues that she also" violated section 76-10-1813(1)(c) because, with intent to engage in sexual activity. for a fee, she agreed to engage in masturbation,. See id. § 76-10-1818(1)(c). For the reasons discussed below, Defendant did not violate either subsection.
I. Subsection (1)(a)
T8 We first consider the question of whether subsection (1)(a) criminalizes Defendant's behavior, which, in the words of the State, is the making of an "agreement to masturbate with a sex toy for a paying observer." In other words, did she agree "to commit any sexual activity with another person for a fee"? See id. § 76-10-1318(1)(a) (emphasis added). We carefully interpret criminal statutes that lie in the shadow of the First Amendment. See, e.g., Lehnert v. Ferris Faculty Ass'n, 500 U.S. 507, 526, 111 S.Ct. 1950, 114 L.Ed.2d 572 (1991).
T9 "When interpreting statutes, our primary goal is to evince the true intent and purpose of the Legislature." State v. Watkins, 2018 UT 28, ¶ 18, 309 P.3d 209 (citation and internal quotation marks omitted). This is not an undisciplined exercise in best guesses or mind reading; rather, " '[wle 'first interpret the statute according to its plain language.? " Id. (alteration in original) (quoting Wilcox v. CSX Corp., 2003 UT 21, ¶ 8, 70 P.3d 85).
110 There can be no doubt that masturbation is sexual activity; indeed, the Utah Code is explicit on this point. See Utah Code . § 76-10-1801(4) - (" Sexual - activity' means acts of masturbat1on[ J"). And Defendant undlsputedly agreed to masturbate for a fee. But the question is not simply whether Defendant agreed to engage in sexual activity for a fee. Instead, the question IS whether she agreed to commit that sexual activity with another person for a fee. See id. § T6-The term "with" has two possible meanings in this context. It can connote "one that shares in an action," or it can mean "accompaniment or companionship." Webster's Third New Int'l Dictionary 2626 (1993). If the former definition applies, Defendant did not violate subsection (1)(a), because there was never an agreement that the detective would manipulate the toys or otherwise actively participate in the act of masturbation. But if the latter applies, the result is different because Defendant agreed to masturbate while in the detective's company.
11 To determine which variant of "with" this statute employs, it is appropriate to consider the other forms of sexual activity men *1088 tioned in the statute. "The several provisions of the statute should be construed together in the light of the general purpose and object of the act and so as to give effect to the main intent and purpose of the legislature as therein expressed." Dunn v. Bryan, 77 Utah 604, 299 P. 253, 254-55 (Utah 1931) (citation and internal quotation marks omitted). Section 76-10-1801(4) contains a list of behaviors that, under section 76-10-1818(1)(a), may not lawfully be engaged in "with another person for a fee." See Utah Code Ann. §§ 76-10-1801(4), -1818(1)(a). These behaviors, "so used together and directed toward the same objectivel[,] ... should be deemed to take character and meaning from each other." See State v. Jones, 17 Utah 2d 190, 407 P.2d 571, 573 (Utah 1965).
$12 For an analogous situation, consider State v. Serpente, 768 P.2d 994 (Utah Ct.App. 1989), which construed our lewdness-involy-ing-a-child statute.[4] Id. at 995. See Utah Code Ann. $ 76-9-702.5 (Michie Supp. 1988). In Serpente, a woman was convicted of lewdness involving a child after she went to her son's school, confronted a teacher, and, "(als she was leaving the room, suddenly stopped at the door, raised the back of her dress at the teacher, and said, 'To you, sir " 768 P.2d at 995. Witnesses testified that while the woman "raise[d] her dress above her buttocks," they saw only a white garment and not her "naked bottom." Id. The applicable statute provided a list of acts constituting criminal behavior and then ended with, " 'or performs any other act of gross lewdness.'" Id. at 996 (emphasis omitted) (quoting Utah Code Ann. § 76-9-702.5). We explained:
The phrase "act of gross lewdness" is not subject to a plain meaning, but rather must derive its definition from the context in which it appears. To this end, we resort to the doctrine of gjusdem generis, This doctrine provides that "where general words follow the enumeration of particular classes of things, the general words will be construed as applying only to things of the same general class as those enumerated."
Serpente, 768 P.2d at 997 (quoting Black's Law Dictionary 464 (5th ed. 1979)). We ultimately concluded that the statute's phrase "act of gross lewdness ... refers to an act of equal magnitude of gravity as those acts specifically set forth in the statute, namely, the exposure of genitals or private parts, masturbation, or trespassory voyeurism." Id. (internal quotation marks omitted). Concluding that Ms. Serpente's act was not on par with the enumerated ones, we reversed her conviction. Id.
[ 13 Like the lewdness statute in Serpents, the sexual solicitation statute must be read to prohibit receiving or agreeing to receive payment for acts that are of the same sort, or "of equal magnitude." See id.; Utah Code Ann. §§ 76-10-1801(4), -1818(1)(a) (Lexis-Nexis 2012). The list set forth in section 76-10-1301(4) includes sexual intercourse, which requires two people to be jointly engaged in the conduct, and sexual contact between "the genitals of one person and the mouth or anus of another person"-again, necessarily a two-person activity. Neither of these categories of conduct involves one person acting and another person watching. In other words, for these types of sexual activity to be prohibited under subsection (1)(a), "with" must mean that the other person is joining in the activity and not merely there as company or a very small audience.[5] Construing like terms together, "with" must mean the same when *1089 applied to masturbation. It is therefore not enough, under subsection (1)(a), that someone agrees to masturbate on her own for a fee while another person is present. Because this is precisely what Defendant agreed to do, her agreement did not violate section 76-10-1818(1)(a).[6]
II, Subsection (1)(c)
T14 The State also argues that Defendant's conduct violated subsection (1)(c) because, with the intent to engage in sexual activity for a fee, she agreed to masturbate. See Utah Code Ann,. § 76-10-13183(1)(c)(@®). The State's argument, at first glance, appears to comport with the plain language of the statute. But such a reading of the statute would create an anomaly by criminalizing an intent to engage in noneriminal behavior.
' 15 Of course, "[when faced with a question of statutory construction, we look first to the plain language of the statute." World Peace Movement of Am. v. Newspaper Agency Corp., 879 P.2d 253, 259 (Utah 1994). But "when we find ambiguity in the statute's plain languagel,] we seek guidance from the legislative history and relevant policy considerations." Id. If the State's plain-language reading of the statute is employed, the conduct determined not to be criminal under subsection (1)(a)-namely, agreeing to self-masturbate for a fee-would nevertheless be sufficient to establish the requisite eriminal intent for a violation of subsection (1)(c). See supra 1118. This would make for an absurd result, and a "well-settled caveat to the plain meaning rule states that a court should not follow the literal language of a statute if its plain meaning works an absurd result." Savage v. Utah Youth Vill., 2004 UT 102, ¶ 18, 104 P.3d 1242. See also In re Z.C., 2007 UT 54, ¶ 5, 165 P.3d 1206 (concluding "that applying the statute to treat [a minor] as both a victim and a perpetrator of child sex abuse for the same act leads to an absurd result that was not intended by the legislature"). It is thus appropriate to "look beyond the statute to legislative history and public policy to ascertain the statute's intent." Martinez v. Media-Paymaster Plus/Church of Jesus Christ of Latter-day Saints, 2007 UT 42, ¶ 47, 164 P.3d 384.
[ 16 Subsection (1)(c) did not exist until the statute was amended in 2011. Compare Utah Code Ann. § 76-10-1818(1) (LexisNexis 2008), with id. § 76-10-1818(1) (2012). Subsection (1)(c) was added because "prostitution hald] evolved greatly in Salt Lake City and throughout the state" and police would "have to prove that they are not police officers before ... a prostitute is willing to make an arrangement for an act."[7] The amendment was intended by its proponents to operate so that "masturbating, or asking someone else to do that, for the purpose of showing that they're a cop or that they're not a cop, and if in the whole context you have enough evidence to show that they're doing it to engage in prostitution, then that would be *1090 enough for solicitation." [8] In short, subsection (1)(c) was added to preclude prostitutes from asking < prospective customers to expose themselves and masturbate. Apparently this is a highly effective test for distinguishing police officers from "Johns" as on-duty law enforcement officers will not expose themselves and masturbate while serions patrons of prostitution are, reportedly, happy to do so,
~ T17 The conduct at issue 'here is entirely unrelated to the purpose intended by the Legislature in enacting subsection (1)(c), Defendant did not ask the detective to engage in any activity, nor did he agree to do so in order for Defendant to ascertain whether he was in law enforcement. It is logical to conclude, then, that the Legislature did not intend for Defendant's conduct to be criminalized under subsection (1)(c).
{18 This is further supported by the fact that subsection (1)(c) requires two separate acts that are sexual in nature. The first is the act that the individual intends to engage in-sexual activity for a fee-and the second is the act that the person "engages in, offers or agrees to engage in, or requests or directs another to engage in," which precipitates the 1ntended act. See Utah Code Ann. $ 76-10-1318(1)(c) (LexisNexis 2012). But the mstant case features only a single act that Defendant both intended to engage in and had agreed to engage in-self-masturbation for a fee while her customer watched, It is clear, then, that the intent component of subsection (1)(c) is meant to be self-referential: If, with intent to engage in conduct that would violate either subsection (1)(a) or subsection (1)(b), an individual engages in the conduct outlined in subsection (1)(c), he or she is guilty of sexual solicitation, without needing to actually engage in the conduct proscribed by subsections (1)(a) and (1)(b). If, however, the person has no intention of violating either subsection (1)(a) or subsection (1)(b), he or she lacks the requisite intent to violate subsection (1)(c).
{19 The conduct to which Defendant agreed did not violate subsection (1)(a), and it did not implicate subsection (1)(b). Thus, her intent to engage in that conduct did not violate subsection (1)(c).
CONCLUSION
€ 20 While the State insists that "the Legislature has specifically said that masturbation is a prohibited sexual activity," it is only unlawful - under - section - 76-10-1818(1)(a) when, for a fee, that activity is to be performed with another person. "With," in this context, requires active participation by two people, And this is not what Defendant agreed to. Her agreement with the detective to allow him to' watch her masturbate was not an agreement to engage in sexual activity with the detective under subsection (1)(a), Furthermore, because the agreement was not criminal, it cannot supply the criminal intent required to establish a violation of subsection ~(1)(c). Defendant's conduct is therefore not the sort proscribed by the sexual solicitation statute, and the district court's ruling on this point is reversed. The case is remanded for further proceedings consistent with Defendant's conditional plea agreement. >

. Unless otherwise noted, throughout this opinion the version of the annotated Utah Code in effect at the time of the charged conduct is cited.

. Defendant was also charged with possession of drug paraphernalia, but that charge was dropped as part of Defendant's conditional -plea agreement. ;

, Defendant also asks us to decide whether the district court's interpretation of the relevant statute implicates her "rights to due process of law" or violates her "right to free expression pursuant to the First Amendment:" Defendant's specific argument is apparently that the sexual solicitation statute is unconstitutionally vague. There is a cogent vagueness challenge to section 76-10-1313 of the Utah Code, as there are two possible interpretations of the term "with" as used in'the statute, as hereafter explained. See Utah Code Ann. § 76-10-1313(1)(a) (LexisNexis 2012). In-deéd, the State's own argument on this point highlights this apparent vagueness. At oral argument, counsel for the State pointed this court to «two possible definitions of the word. The first definition suggested is "one that shares in an action," and the second refers to mere "accompaniment or companionship." Webster's Third New Int'l Dictionary 2626 (1993). As explained later in the text, we reject the State's suggestion 'that for purposes of the solicitation »statute, "with" could mean "to be together, in the same place," as a matter of statutory interpretation, Because we decide this case by employing standard statutory interpretation, we do not reach Defendant's constitutional challenges, "Generally, we avoid reaching constitutional issues if a case can be decided on other grounds." I.M.L. v. State, 2002 UT 110, ¶ 9 n.3, 61 P.3d 1038. Because in deciding this case it is unnecessary to resolve the constitutionality of the relevant statute, and because "unnecessary decisions are to be avoided," we do not reach Defendant's due process and First Amendment issues. See Hoyle v. Monson, 606 P.2d 240, 242 (Utah 1980).

. The court in Serpente construed a statute using the principle of ejusdem generis, which is not directly applicable here. See State v. Serpente, 768 P.2d 994, 997 (Utah Ct. App. 1989). Looking to Serpente is nevertheless helpful because it demonstrates the importance of construing together multiple terms contained in a single sentence. See id.

. In reaching this conclusion, it is also helpful to consider the interplay between subsection (1)(a), which includes the term "with," and subsection (1)(b), which does not. It seems apparent that the two subsections are meant to complement each other, in that subsection (1)(a) applies to the individual who is paid and subsection (1)(b) applies to the individual who pays. Compare Utah 'Code Ann. § 76-10-1313(a), with id. § 76-10-1313(1)(b). Both subsections require an offer to, or agreement with, another person, Id. § 76-10-1313(1)(a)-(b). Yet only subsection (1)(a) uses the term "with." This reveals that "with another person" applies to the performance of the sexual activity, because if the Legislature had intended for it to modify the offer or agreement, the term "with" would be in both subsection (1)(a) and subsection (1)(b), which it is not.

. We note that few, if any, jurisdictions have considered the question of whether masturbation, which is considered sexual activity by statute, is sufficient to form the basis of a conviction for sexual solicitation when the activity is performed alone while others pay to watch. But at least one jurisdiction has addressed a similar question when "sexual activity'" was not as explicitly defined by statute. In 1991, a Penusylva-nia court considered whether "self- masturbation for hire with no physical contact between patron and performer constitutes prostitution." Pennsylvania v. Bleigh, 402 Pa.Super. 169, 586 A.2d 450, 452 (Pa.Super.Ct.1991). The court, "(hJaving examined the evolution of the term prostitution, and the cases interpreting it, [concluded] that self-masturbation for hire without any physical contact between performer and viewer is not the type of conduct intended to come within the purview of" the state's prostitution statute. Id. at 453. See also 63C Am. Jur. 2d Prostitution § 7 (2015) ("Nude modeling does not constitute prostitution, nor does prostitution include self-masturbation for hire without any physical contact between performer and viewer.") (footnotes omitted); 73 C.J.S. Prostitution and Related Offenses § 6 (2015) ("Self-masturbation for hire has been held not to constitute 'sexual activity' proscribed by the prostitution statute, on the ground that sexual activity requires the physical interaction of two or more people.").

. Sexual Solicitation Amendments: Hearing on HB 121 Before the House Judiciary Standing Committee, 59th Leg. Gen. Sess. (Utah Feb. 15, 2011), http://utahlegislature.granicus.com/Media Player.php?clip_id=15138&meta_id=509072 [hitps://perma.cc/QVFS5-ZHBY] - (statement - of Chris Burbank, Chief of Police of the Salt Lake City Police Department, during presentation of Rep. Jennifer Seelig).

. Sexual Solicitation Amendments: Hearing on HB 121 Before the House Judiciary Standing Committee, 59th Leg, Gen. Sess. (Utah Feb. 15, 2011), http://utahlegislature.granicus.com/Media Player.php?clip.id=15138&meta_id=509072 [https://perma.co/QVF5-ZHBY] \ (statement > of Paul Boyden, Associate Director of the Statewide Association of Prosecutors, during presentation of Rep. Iennifer Seelig).