*This opinion is subject to revision before final
publication in the Pacific Reporter*

**2017 UT 47**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

HADLEY CHRISTENSEN,
*Appellee,*

*v.*

JUAB SCHOOL DISTRICT,
*Appellant.*

No. 20160047
Filed August 11, 2017

On Direct Appeal

Fourth District, Nephi
The Honorable Jennifer A. Brown
No. 150600003

Attorneys:

Dallas B. Young, Provo, for appellee

Kasey L. Wright, Pleasant Grove, for appellant

JUSTICE DURHAM authored the opinion of the Court in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE LEE,
JUSTICE HIMONAS, and JUSTICE PEARCE joined.

JUSTICE DURHAM, opinion of the Court:

## INTRODUCTION

¶1    Hadley Christensen claims reimbursement pursuant to Utah
Code section 52-6-201, from his former employer, Juab School
District, for attorney fees and costs incurred in a successful defense
against charges of aggravated sexual abuse of a child. The two issues
before us are (1) whether the right to reimbursement attaches based
on the allegations within the information, or under a more fact-
specific inquiry, and (2) where reimbursement is appropriate,
whether it applies to all costs incurred in defending against the
information. The district court found no genuine dispute of material
fact and granted partial summary judgment to Christensen. The

court explained that Juab School District's arguments reflect a position expressly rejected by this court in *Acor v. Salt Lake City School District*, 2011 UT 8, ¶ 20, 247 P.3d 404. We agree and affirm the district court's grant of partial summary judgment. The district court awarded judgment pursuant to a stipulation entered by the parties. Therefore, the second issue is moot and we decline to address it. *See Poulton v. Cox*, 2016 UT 9, ¶ 5, 368 P.3d 844.

## BACKGROUND

¶2    In December 2012, Hadley D. Christensen, then a fifth-grade teacher for Juab School District, allowed a former student to attend a sleepover with his daughter at his residence. The sleepover was not sanctioned by Juab School District and occurred during Christmas break. The student's presence at the sleepover was not related to Christensen's status as a teacher, but rather because of her friendship with Christensen's daughter. Christensen was subsequently accused of sexually assaulting the student during the sleepover.

¶3    On January 2, 2013, the Utah County Attorney's Office filed a criminal information against Christensen. The information included one count of aggravated sexual abuse of a child, pursuant to Utah Code section 76-5-404.1(4). The charge was based on three aggravating elements: (1) "the accused caused bodily injury or severe psychological injury," (2) "the offense was committed by a person who occupied a position of special trust in relation to the victim," and (3) "the accused caused . . . penetration, however slight." *Id.* 76-5-404.1(4)(b), (h), (j). The criminal information relied on Christensen's former teacher-student relationship with the victim as the basis for the "position of special trust" enhancement.

¶4    During criminal trial proceedings, Christensen moved for a directed verdict as to the aggravating elements of "position of special trust" and causing "bodily injury or severe psychological injury." The district court granted the directed verdict, citing both the State's failure to present evidence that Christensen had used his position of special trust to exercise influence over the victim and lack of evidence of any injury. The court allowed the charge of aggravated sexual assault of a child based on the third aggravating factor to go to the jury, which found Christensen not guilty.

¶5    In January 2015, Christensen filed suit in district court pursuant to Utah Code section 52-6-201(1) (the Reimbursement Statute) in district court for reasonable attorney fees and costs that Juab School District refused to pay. The Reimbursement Statute provides that public employees "shall" be reimbursed for "reasonable attorney fees and court costs necessarily incurred in the

[successful] defense of [an] indictment" that is "in connection with or arising out of" their employment if it is inter alia "under color of the . . . employee's authority." *Id.* The district court granted Christensen's motion for summary judgment and ordered reasonable attorney fees and costs and ultimately entered judgment in an amount based on a prior stipulation by the parties. The defendant, Juab School District, appeals this decision on grounds of incorrect application of the Reimbursement Statute. This court has jurisdiction over this appeal under Utah Code section 78A-3-102(3)(j).

## STANDARD OF REVIEW

¶6  Summary judgment requires a showing "that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." UTAH R. CIV. P. 56(a). "In reviewing a [district] court's grant of summary judgment, we give the [district] court's legal decisions no deference, reviewing for correctness." *Waddoups v. Amalgamated Sugar Co.*, 2002 UT 69, ¶ 21, 54 P.3d 1054. "In matters of . . . statutory interpretation, an appellate court reviews a [district] court's ruling for correctness and gives no deference to its legal conclusions." *Stephens v. Bonneville Travel, Inc.*, 935 P.2d 518, 519 (Utah 1997).

## ANALYSIS

¶7  Plaintiff, Christensen, sought a motion for partial summary judgment, claiming that allegations in the information regarding Christensen's former teacher-student relationship with the victim were sufficient to attach a right of reimbursement under the color-of-authority prong of the Reimbursement Statute. Juab School District sought a cross-motion for summary judgment, arguing that the statute required an inquiry into the employment-relatedness of the actual events themselves, rather than relying on the allegations within the information. The Utah Rules of Civil Procedure require a "show[ing] that there is no genuine dispute as to any material fact" for summary judgment. UTAH R. CIV. P. 56(a). The facts in this case are undisputed. The only issue in dispute is the proper application of the Reimbursement Statute, which is a question of law. Therefore, the court was correct in issuing summary judgment. We affirm the court's holding that "the allegation and related enhancement attached [Christensen's] right to reimbursement pursuant to the Reimbursement statute" and its grant of Christensen's motion for partial summary judgment.

¶8  We first address the Reimbursement Statute and our reasoning for rejecting any application that analyzes actual events,

rather than allegations in an employment-relatedness inquiry. Next, we apply statutory interpretation principles to the Reimbursement Statute. Finally, we examine how the only prong of the Reimbursement Statute that is at issue in this case—"under color of authority"—has been previously defined by this court and apply it to the facts of this case. We hold that Christensen is entitled to reasonable attorney fees and costs.

## I. THE REIMBURSEMENT STATUTE PROVIDES REIMBURSEMENT FOR THE SUCCESSFUL DEFENSE AGAINST "AN INFORMATION FILED . . . IN CONNECTION WITH OR ARISING OUT OF" THE ACTS OF A PUBLIC OFFICER OR EMPLOYEE

¶9   The Reimbursement Statute is "aimed at protecting public employees from the costs of successfully defending against criminal charges that arise out of public employment." *Acor v. Salt Lake City Sch. Dist.*, 2011 UT 8, ¶ 17, 247 P.3d 404. Generally, it provides reimbursement for any public employee's successful defense against employment-related charges. *Id.* ¶ 20. The statute includes three separate prongs under which criminal charges arise in employment-related circumstances: (1) "performance of the employee's duties," (2) "the scope of employment, or" (3) "under the color of authority." *Acor*, 2011 UT 8, ¶ 22. The three prongs of the Reimbursement Statute are disjunctive. Therefore, an individual need only prove one prong to recover litigation costs.

¶10  This court's precedent in *Acor* holds that the job-relatedness of an employee's conduct "be evaluated at a high level of generality, without regard to the actual guilt or innocence of the charged party." 2011 UT 8, ¶ 19. Further, it distinguishes "color of authority," the prong on which the plaintiff's claim to reimbursement in this case is based, as distinct from the first two prongs of the Reimbursement Statute. *Id.* ¶¶ 27–28.

¶11  It is not guilt or innocence that matters under the color-of-authority prong, but rather the allegations within the criminal information. Juab School District mistakenly argues that a specific inquiry into the employment-relatedness of the district attorney's charges against Christensen is inconsistent with this court's decision in *Acor*. In that decision, this court reversed the lower court's ruling and granted reasonable attorney fees and costs to the plaintiff, who was acquitted of criminal charges related to the alleged sexual abuse of a former student. *Id.* ¶ 2. The school district in that case attempted to show actual guilt by including evidence of an admission of an inappropriate relationship, and a journal account of the relationship, which was excluded at trial based on Fourth Amendment violations.

*Id.* ¶ 12. We rejected an argument that evidence excluded at trial, which if admitted would have established actual guilt, should preclude the plaintiff from recovering attorney fees and costs when acquitted. *Id.* ¶ 19. Actual guilt or innocence was irrelevant; the employee only needed to show that the charges were related to her employment and that she was acquitted.

¶12 Also irrelevant in *Acor* was consideration of whether the criminal acts "advance[d] the employer's interests or [were] the kind of activity the employee was asked to perform"; such reasoning "would eviscerate the terms and conditions of The Reimbursement Statute, since criminal conduct would rarely if ever be in the employer's interest or at its behest." *Id.* ¶ 22. Rather, the statute "implies a general inquiry into the causal relationship between the employee's conduct and the underlying criminal charges." *Id.*

¶13 This court held in *Acor* that the plaintiff was entitled to reimbursement under both the first and the second prongs of the Reimbursement Statute, because the plaintiff's "performance of her responsibility of interacting with [the victim] . . . gave rise to the criminal charges against her." *Id.* ¶ 24. We declined to "permit[] a reexamination of an employee's guilt of the underlying criminal conduct under the guise of an inquiry into employment-relatedness." *Id.* ¶ 23. Instead, we concluded that "[i]f the acts . . . giving rise to such charges occur at a time and place of authorized employment, acquittal of those charges generally will suffice to entitle the employee to reimbursement." *Id.*

¶14 The *Acor* opinion clarifies the interpretation of the three prongs of The Reimbursement Statue under which employees are entitled to reimbursement. While the first two prongs require an inquiry into the "time, place, and nature of the acts giving rise to the criminal charges," *id.* ¶ 23, the third prong—under color of authority—suggests a much broader scope, "requir[ing] only action under *color* of authority." *Id.* ¶ 28. *State v. Watkins* clarifies what constitutes "color of authority by defining someone in a "position of special trust" in terms of a person who occupies "a position of authority, who, by reason of that position is able to exercise undue influence over the victim." 2013 UT 28, 309 P.3d 209, *superseded by statute*, UTAH CODE § 76-5-404.1(4).

¶15 Here, Juab School District has engaged in a similarly faulty line of reasoning as pursued by the school district in *Acor*. In this case, however, rather than asserting evidence of guilt as proof that the acts were outside the performance or scope of employment (the first two prongs), Juab School District has relied on Christensen's innocence, the district's lack of knowledge or approval of the

sleepover, and the actual circumstances to attempt to preclude him from recovering reasonable attorney fees and costs. It claims that because the sleepover was not actually related to the "time, place, [or] nature" of his employment, Christensen could not have been acting under color of authority. *Acor*, 2011 UT 8, ¶ 23. This, however, is inconsistent with *Acor* and would mean that the more baseless the allegations against public employees are, the less likely it would be that the employee would be able to recover attorney fees and costs for a defense. Such an outcome would not only run contrary to the purpose of the statute, which is to compensate employees for costs incurred in defending against criminal charges from which they are ultimately acquitted, but also run counter to the plain language of the statute.

¶16 We reject Juab School District's argument that the Reimbursement Statute requires an inquiry into whether the actions of the employee must be actually tied to his or her employment, rather than merely alleged to be so. Rather, we reaffirm our holding in *Acor* that the Reimbursement Statute only requires that the allegations or charges in the criminal information "aris[e] out of" or are "connect[ed]" with the defendant's employment. UTAH CODE § 52-6-201(1).

## II. STATUTORY INTERPRETATION OF THE REIMBURSEMENT STATUTE SHOWS THAT CHRISTENSEN IS ENTITLED TO REIMBURSEMENT

¶17 Whether Christensen is entitled to reimbursement is a matter of statutory interpretation. We have many "modes of statutory construction" that we can use when a statute is ambiguous. *Marion Energy, Inc. v. KFJ Ranch P'ship*, 2011 UT 50, ¶ 15, 267 P.3d 863. We use these tools only when a statute is "susceptible to two or more reasonable interpretations after we have conducted a plain language analysis." *Id.* Here, Juab School District argues that the legislature could have spoken more clearly if it intended to attach a right to reimbursement based on allegations in a criminal information. However, "it will always be the case that the legislature could have spoken more clearly if it had anticipated the precise question before the court." *In re Adoption of Baby E.Z.*, 2011 UT 38, ¶ 75, 266 P.3d 702 (Lee, J., concurring). Such an argument "adds nothing analytically" to our inquiry. *Id.* A plain reading of the Reimbursement Statute requires an analysis of the allegations in the criminal information, rather than an analysis of the actual events leading up to the charges. Therefore, the issue of the right to reimbursement in this case can be resolved by the plain meaning of the statute. Although the petitioner invokes an examination of

potentially bad public policy of having reimbursement arise out of the charges made by a prosecutor rather than the actual acts of the individual petitioning for reimbursement, we decline to address these policy arguments because the language of the Reimbursement Statute is plain and unambiguous.

¶18 The Reimbursement Statute first requires that an "information is filed against[] an officer or employee." UTAH CODE § 52-6-201(1). Both parties agree that Christensen, at all relevant times, was a Juab School District employee. Juab School District is a governmental entity, and therefore he is a public employee for purposes of the Reimbursement Statute. The State of Utah filed a criminal information against Christensen on December 31, 2012, fulfilling the preliminary requirements of the Reimbursement Statute.

¶19 We next consider whether Christensen is exempt from reimbursement based on any exception within the Reimbursement Statute. The Reimbursement Statute cuts off reimbursement for an "officer or employee" who "is found guilty of substantially the same misconduct that formed the basis for the indictment or information." *Id.* The trial court in the underlying criminal proceedings granted motions for a directed verdict on both the position of special trust prong and the severe injury prong. Thereafter, the jury found Christensen not guilty, and therefore this exception to recovery does not apply.

¶20 The Reimbursement Statute requires that the "indictment or information [be] quashed or dismissed or result[] in a judgment of acquittal" for a public employee to recover attorney fees and costs. *Id.* It also cuts off reimbursement when the criminal information is "quashed or dismissed upon application or motion of the prosecuting attorney." *Id.* However, because the underlying criminal proceedings ultimately resulted in Christensen's acquittal by jury verdict, Christensen fulfills this requirement and the exception for the quashing or dismissal "upon application or motion of the prosecuting attorney" does not apply. *Id.*

¶21 Finally, we consider whether the information was filed "in connection with or arising out of any act or omission of that officer or employee during" (1) "the performance of the officer or employee's duties," (2) "within the scope of the officer or employee's employment," or (3) "under color of the officer or employee's authority." *Id.* This is the requirement that is at issue in this case, and we find that the information against Christensen was filed "under color of the . . . employee's authority," *id.,* as discussed in the next section.

¶22 The Reimbursement Statute provides that, if the foregoing requirements are met, then "that . . . employee shall be entitled to recover reasonable attorney fees and court costs necessarily incurred in the defense of that indictment or information" and "reasonable attorney fees and costs necessarily incurred . . . in recovering the attorney fees and costs allowed under this section," including those "incurred on appeal." *Id.* § 52-6-201(1), (3).

### III. CHRISTENSEN WAS CHARGED UNDER COLOR OF AUTHORITY AS A PERSON IN A POSITION OF SPECIAL TRUST

¶23 In this case, the parties have agreed that only the third prong, under color of authority, is at issue. Juab's analysis of the "time, place, and nature" of the alleged criminal conduct incorrectly conflates the three prongs of the statute and misapplies our precedent set forth in *Acor v. Salt Lake City School District,* 2011 UT 8, 247 P.3d 404. In *Acor*, "the time, place, and nature of the acts giving rise to the criminal charges" were held to apply only to the first two prongs of the Reimbursement Statute, 2011 UT 8, ¶ 23. Therefore, any analysis of the "time, place, and nature" of Christensen's acts, or whether "his interaction with the child on the night of the alleged crime was . . . related in any way to his capacity as a teacher" is irrelevant. The third prong of the Reimbursement Statute, "under color of authority," only requires a showing that the "criminal charges . . . directly arose out of acts alleged to have been committed under color of . . . authority."[1] *Acor*, 2011 UT 8, ¶ 26.

¶24 A "position of special trust" was used as an aggravating factor under Utah Code section 76-5-404.1(4)(h) (aggravated sexual assault) when Christensen was initially charged in the criminal information.[2] The "position of special trust" as an aggravating factor

---

[1] According to *State v. Robertson*, our analysis of the third prong in *Acor* is an alternative basis for the decision, not dicta, and therefore is controlling on our decision today. *State v. Robertson*, 2017 UT 27, ¶ 25, ___ P.3d___. We held that "[f]or a decision to become precedent and trigger stare decisis, 'it must be (1) [a] deliberate or solemn decision of a court or judge [2] made after argument of a question of law fairly arising in a case, and [3] necessary to its determination." *Id.* (second, third, and fourth alterations in original) (citation omitted). However, "necessary" does "not mean that the holding must be the singular basis for our ultimate decision." *Id.* ¶ 26.

[2] In 2014, the Utah Legislature made changes to Utah Code section 76-5-404.1 that established by definition those who occupy

(continued . . .)

is related to the "under color of authority" prong in the Reimbursement Statute. Occupying a position of special trust means that an individual not only occupies "a position of authority," but also "by reason of that position is able to exercise undue influence over the victim." UTAH CODE § 76-5-404.1(4)(h) (2012). Therefore, the court's definition of a "position of special trust" in *Watkins* is relevant to our decision today. *See State v. Watkins,* 2013 UT 28, ¶ 17, 309 P.3d 209, *superseded by statute,* UTAH CODE § 76-5-404.1(4).

¶25 In *Watkins*, we held that there was insufficient evidence to support a conviction of aggravated sexual abuse of a child where the statute requires proof that "the perpetrator occupied both a 'position of authority' and was 'able to exercise undue influence' in relation to the victim." *Id.* ¶ 38. The charge of aggravated sexual abuse of a child in *Watkins* arose out of allegations that the defendant, while a guest at the home of the victim's father, engaged in inappropriate sexual touching of the victim. *Id.* ¶ 5. The district court concluded that "the position of trust was simply indicated by a mature adult and a 10-year-old child who had lived in the same home," and the jury convicted the defendant as charged. *Id.* ¶ 9. The court of appeals upheld his conviction based on an interpretation that a "position of special trust may be established . . . 'either by occupying a position specifically listed by statute or by fitting the definition of a position of special trust.'" *Id.* ¶ 11 (footnote omitted) (citation omitted). We rejected this interpretation, clarifying that to "establish aggravated sexual abuse of a child" by a person who occupied a position of special trust in relation to the victim, the State "must prove both that the defendant occupied a 'position of authority' over the victim and that the position gave the defendant the ability to 'exercise undue

_____

(continued . . .)
positions of trust relating to a "child" that already met the *Watkins* elements. Thus, the state now only needs to prove the two elements discussed in *Watkins*, 2013 UT 28, ¶ 38, that "the perpetrator occupied both a 'position of authority' and was 'able to exercise undue influence' in relation to the victim" for defendants to succeed under the last catch-all definition of "any person in a position of authority, other than those persons listed [above], which enables the person to exercise undue influence over the child," UTAH CODE § 76-5-404.1(1)(c)(xxii). In this case, however, the analysis needed to establish that Christensen was in a "position of special trust" came under the 2012 version of the aggravated sexual abuse statute that relied on our definition of those who occupy a position of special trust as defined in *Watkins*, 2013 UT 28, ¶ 38.

influence' over the victim." *Id.* ¶ 39 (quoting UTAH CODE § 76-5-404.1(4)(h)).

¶26 Because the color-of-authority prong in the Reimbursement Statute arises from the aggravating factor of being in "a position of special trust," we determine whether Christensen allegedly occupied "a position of special trust" to determine whether Christensen was acting "under color of authority." This is consistent with our analysis of "color of authority" in *Acor*, which explained that "criminal charges . . . arose out of alleged acts committed under color of . . . authority" where the defendant was "accused of . . . turning her responsibility of interacting with [the victim] . . . into an opportunity to sexually abuse," *Acor*, 2011 UT 8, ¶ 26, or, in other words, where she occupied "a position of special trust"—a "'position of authority' over the victim . . . that . . . gave the defendant the ability to 'exercise undue influence' over the victim," *Watkins*, 2013 UT 28, ¶ 39. The probable cause statement in the information filed against Christensen stated that "the defendant was also the victim's 5th grade teacher last year." This implied that not only was he in a position of authority as a teacher at her school, but that he was able to exercise undue influence because of the previous student-teacher relationship, thereby enhancing the allegations against Christensen based on "a position of special trust" with the victim. Therefore, the criminal information against him alleging aggravated sexual assault satisfies the third prong in the Reimbursement Statute of being charged "under color of authority."

¶27 The criminal charges against Christensen arose out of alleged acts "under color of authority." *See id.* The charges against him were aggravated based on a "position of special trust," or Christensen's prior teacher-student relationship with the victim. UTAH CODE § 76-5-404.1(c). An allegation of aggravation based on a "position of special trust," as held in *Watkins*, means that a defendant both "occupie[s] a 'position of authority' over the victim and that the position gave the defendant the ability to 'exercise undue influence' over the victim." *Watkins*, 2013 UT 28, ¶ 39 (citation omitted). While the sleepover was not sanctioned by Juab School District, and while the directed verdict indicates that Christensen did not use his position of authority to abuse the victim, the right to reimbursement does not attach upon analysis of actual events, but rather the alleged events contained within the criminal information. *See Acor*, 2011 UT 8, ¶ 23 (rejecting a reexamination of the employee's actual guilt or innocence). The probable cause statement in the information pointed to Christensen's teacher-student relationship with the victim as grounds for an aggravated charge. Further, such criminal information did arise out of allegations of acts made under "color of

authority" because, as in *Watkins*, they alleged that Christensen used a position of trust to "'exercise undue influence' over the victim." *Watkins*, 2013 UT 28, ¶ 39 (citation omitted). Therefore, the allegations fulfilled this requirement of the Reimbursement Statute, in that they alleged an act under color of Christensen's authority as a teacher.

¶28 Christensen, as a public employee who was charged and successfully defended against a criminal information "filed . . . in connection with or arising out of [an] act or omission . . . under color of the . . . employee's authority" seeks reimbursement for his expenses under the Reimbursement Statute. UTAH CODE § 52-6-201(1). The Reimbursement Statute outlines clear requirements to attach a right for reimbursement. Christensen meets those requirements, and therefore is entitled to reimbursement.

## CONCLUSION

¶29 A criminal information was filed against Christensen, a public employee, and he was not found guilty of substantially the same misconduct. Further, the information resulted in an acquittal, and was not quashed or dismissed upon motion of the prosecuting attorney. Finally, the criminal information arose out of alleged acts under color of Christensen's authority as the victim's former teacher. Therefore, Christensen is entitled to reasonable attorney fees and costs incurred in the underlying criminal proceedings both in the civil suit seeking reimbursement and on this appeal.[3]

¶30 We affirm the district court's grant of partial summary judgment to Christensen. As the stipulation to the amount of attorney fees included costs for bringing an appeal, we do not need to remand to the district court for a determination of reasonable costs for the appeal. The parties' stipulation stands.

---

[3] Although entitled to actual attorney fees and costs, Christensen has expressly waived a determination of those costs by stipulating to a specified amount with the school district. *Redevelopment Agency of Salt Lake City v. Tanner*, 740 P.2d 1296, 1299–1301 (Utah 1987) (holding that a party could not challenge a stipulated issue unless they could show that the stipulation was invalid).